McGuire Brothers, Appellant, v. C. S. Blanchard.

**Sales:** modification of abstract: *Burden of proof.*    Under a written contract for the sale of land, wherein the vendor agreed "to carry out abstract, * * * and show title vested in" him, the purchaser could not be compelled to take a defective title, in the absence of evidence that he had agreed to accept the title, as shown by such abstract, as a compliance with such contract; and the burden is on vendor to show that vendee so agreed, and for consideration.

*Appeal from Kossuth District Court.*—Hon. George H. Carr, Judge.

Thursday, February 2, 1899.

Action at law to recover damages for an alleged failure to fulfill the requirements of a contract for the conveyance of

land.    A jury was impaneled, evidence was submitted, a verdict for the defendant was returned by direction of the court, and judgment rendered in his favor for costs.    The plaintiffs appeal.—*Reversed.*

*J. C. Cook* for appellants.

*Geo. E. Clarke* for appellee.

Robinson, C. J.—The contract in suit was in writing, and a copy thereof is as follows:    "Elmore, Minn., 4-25-91. Received of Wm. McGuire and W. C. Strouse, $25, applying on purchase of and payment on south half ($\frac{1}{2}$) southeast, and northwest S. E., Sec. 15, township 99, range 27.    Sold to them at $8 (eight dollars) per acre.    Terms:    One-third cash; balance in two and three years, equal payments, at 6 per cent. interest annually.    Deed and abstract to be sent to the First National Bank at Clarion, Iowa, to be delivered on payment of balance of first payment and execution of mortgage and notes for remainder; notes to be drawn on or before. Said C. S. Blanchard agrees to carry out abstract, as examined by W. M. McGuire, and show title vested in the said C. S. Blanchard; and, in case the said W. M. McGuire does not accept said abstract and deed, then he is to forfeit said twenty-five dollars ($25).    C. S. Blanchard."    The petition alleges that the plaintiff transacted business under the firm name of McGuire Bros. & Strouse, and entered into the contract set out with the defendant; that, in compliance with the contract, the defendant agreed to perfect in himself the title to the land described, but that he has wholly failed and refuses to do so, and has failed and refuses to return the part of the price paid, and refuses to make and give sufficient deed for the land, and has sold and disposed of the land, and is unable to comply with the contract.    The plaintiff avers that it has sustained damages, by reason of the breaches of contract alleged, in the sum of five hundred dollars, and judgment for that amount is demanded.    The answer of the

defendant admits the making of the contract set out in the petition, and alleges that, when it was entered into, he was the owner of the land, and had in his possession an abstract which showed a chain of title from the original entry of the land to one G. A. Taylor, who was the immediate grantor of the defendant, but that certain defects existed which constituted clouds on the defendant's chain of title, although the title, as shown by the abstract, was in fact good and sufficient; that the land was at that time reasonably worth the sum of ten dollars per acre; that, on or about the date of the contract, the defendant had a conversation with one McGuire, a member of the plaintiff firm, in which the defendant offered to convey the land for eight dollars per acre, and to complete the abstract, by showing a conveyance from Taylor to the defendant, of the title as it then stood, as shown by the abstract, and McGuire and Strouse were to accept the conveyance at that price; that it was agreed that a conveyance from Taylor to the defendant would complete the abstract, as examined by McGuire, as contemplated by the agreement; that the defendant afterwards performed the agreement on his part; that the contract was subsequently modified by requiring the abstract and deed to be sent to the First National Bank of Algona, and that they were deposited in that bank according to the modified agreement, but that the plaintiff refused to accept the deed and pay the purchase price, as required by the contract. An abstract of title to the land was, by agreement, received in evidence, and portions of it admitted to constitute a copy of the abstract which the parties used in the transactions in question. It appears from the abstract that there were several defects in the title of the defendant at the time the contract in suit was made. That is not denied by the defendant, but he contends that the plaintiff agreed to accept the title shown by the abstract, and was to have the land at less than its value, on account of the defects.

The contract, as written, required the defendant "to carry out abstract, as examined by W. M. McGuire, and show title vested in" the defendant.   The legal effect of contracts to sell and convey land is generally to require the vendor to make a good title.   *Shreck v. Pierce,* 3 Iowa, 350, 360.   It was said in *Vought v. Williams,* 120 N. Y. 253 (24 N. E. Rep. 195), that "every purchaser of real estate is entitled to a marketable title, free from incumbrance and defects, unless he expressly stipulates to accept a defective title."   See, also, 28 Am. & Eng. Enc. Law, 70.   The contract in suit was for the sale of the land, and not only required that the abstract which had been examined be completed, but also that it be made to show "title vested" in the defendant.   Therefore, if the abstract exhibited when the contract was signed did not show title in Taylor, the grantor of the defendant, the subsequent addition to the abstract of a conveyance from Taylor to the defendant would not comply with the contract.   The written contract, in legal effect, required the transfer of a good title, at the price of eight dollars per acre, and to that extent conflicts with the claim of the defendant that the sale was to be made at a reduced price because a defective title was to be accepted.

We now turn to the evidence to ascertain what it shows. C. L. Lund testified that the market value of the land on the first of September, 1891, was twelve dollars and fifty cents per acre.   The only other witness was W. M. McGuire.   He testified that he was the one who entered into the contract with the defendant; that the land was worth eight dollars per acre at about the time the contract was entered into, and twelve dollars to thirteen dollars per acre from the first of June to the first of September, 1891; that, when the written contract was signed, the defendant had an abstract, which was examined; that the witness waived several of the defects in the title which it showed, and which are not now questioned, but did not waive another very serious one, and insisted that it should be cured.   The witness denied that the

defendant claimed, while the negotiations were pending, that the defendant had said the land was worth ten dollars an acre, but that, in order to avoid trouble, he would accept eight dollars per acre for the title as it then stood; and in that he is corroborated to some extent by the contract as written. The witness did not remember that there was any conversation to the effect that, if the defects to which he objected were removed, the land would be 'worth ten dollars per acre. In short, the evidence submitted failed to prove that the plaintiff had agreed to accept the title, as shown by the abstract, as a compliance with the contract. The burden was on the defendant to show that the agreement between the parties to the contract required the plaintiff to accept the defective title rendered. See *Littlefield v. Tinsley,* 26 Tex. 353; *Close v. Stuyvesant,* 132 Ill. 607 (24 N. E. Rep. 868). We are of the opinion that the district court erred in directing a verdict for the defendant, and its judgment is therefore REVERSED.