BARRON *v.* MYERS.

1. FRAUD—MISREPRESENTATIONS— VALUE — RELIANCE ON REPRESENTATIONS.

Though a representation as to value, or as to future dividends on stock, is not a misrepresentation, being a mere opinion, and an action for fraud will not lie when the party alleging the fraud did not rely on the statements alleged to be fraudulent, but on information derived from other sources, one guilty of fraud cannot escape responsibility by sending his victim to a confederate for an opinion, nor by inducing him to make an investigation which will not disclose to him, if it would to an expert, the falsity of the statement.

2. CONTRACTS—RESCISSION—FRAUD—LACHES.

A bill to rescind a contract for the sale of mining stock and obtain cancellation of a deed to property conveyed in payment for the stock, filed shortly after discovery of the fraud inducing execution of the contract, is not barred by laches, there having been no change in defendant's situation to his injury, though complainant visited the mines, assisted in selling stocks, participated in the reorganization of one of the companies, and one of the mines has been sold on foreclosure.

3. SAME—PLACING IN STATU QUO.

   A bill to rescind a contract for the sale of mining stocks is not
   barred by the fact that the stocks, which are tendered back,
   have decreased in value.

Appeal from Macomb; Tappan, J., presiding. Submitted October 12, 1906. (Docket No. 54.) Decided December 3, 1906.

Bill by Theodore Barron against Addie E. Myers and Merlin A. Myers to set aside a deed. From a decree for complainant, defendants appeal. Affirmed.

*Byron R. Erskine* (*Alfred Lucking* and *Varnum J. Bowers*, of counsel), for complainant.

*Silas B. Spier* (*Dickinson, Stevenson, Cullen, Warren & Butzel*, of counsel), for defendants.

HOOKER, J. We are asked to reverse the decree for the complainant in this cause, upon four grounds:

(1) Upon the merits, it being contended that fraud has not been shown.

(2) Upon the ground of complainant's delay, or laches, in asserting a right to rescind the contract.

(3) Upon the ground that defendant Addie E. Myers was a bona fide purchaser of the premises for value.

(4) That the defendants cannot be placed in status quo.

Merlin A. Myers and the complainant had dealings, whereby the former agreed to sell to the latter certain mining stock and bonds, and to take in part payment therefor, a business block in Mt. Clemens. This trade was consummated, and complainant executed a deed of the premises to Addie E. Myers, wife of Merlin A. Myers, being requested to do so by Merlin A. Myers. A year or two later this bill was filed for rescission and cancellation. The learned circuit judge who heard the cause filed an elaborate opinion, followed by a decree canceling the deed and providing for an accounting between the parties,

in conformity to the provisions of said decree. From this decree the defendants have appealed.

*The Merits.* We think a lengthy discussion of the facts unnecessary. It is enough to say that the testimony convinces us that, whatever the possibilities of making a productive mine out of either of these properties, Mr. Myers had no expectation that it would be done by the companies then organized, and that he was seeking to profit by selling stock, rather than by developing the property. In doing this he did not hesitate at misrepresentation, thereby acquiring a large and valuable property from the complainant, who received nothing that he could make of value in return. Many pages of brief are furnished us, attempting to apply well-settled doctrines of law to this case—e. g., that a representation as to value is not a misrepresentation, being a mere opinion, that the same may be said as to promised dividends, and that an action for fraud will not lie when the party alleging the fraud did not rely on the statements alleged to be fraudulent, in making the purchase, but on information derived from other sources—but in our judgment they should not rule this case. If it can be said that the complaining party did not rely in whole or in part upon the false statement, the rule is as stated, but one guilty of fraud cannot escape responsibility by sending his victim to a confederate for an opinion, nor can he by inducing him to make an investigation which will not disclose *to him,* if it would to an expert, the falsity of the statement. *Graham* v. *Moffett,* 119 Mich. 303. See, also, *Miller* v. *Curtiss,* 27 Jones & S. (N. Y.) 127; *Webber* v. *Jackson,* 79 Mich. 175.

We think the case fully proved upon the question of fraud.

*Mrs. Myers' Good Faith.* The learned circuit judge discussed at length reasons for concluding that Mrs. Myers was not a bona fide purchaser. These need not be repeated. There is much force in them, and we are convinced that the arrangement testified to, whereby the property was to be deeded to her, if there was any truth

in it, was a mere sham, to enable the husband to retain the proceeds of his fraudulent contract. It was a barefaced proceeding, and the possibility of the truth and justice of Mrs. Myers' claim are so immeasurably less than the probabilities of her collusion with her husband that we do not believe in it. See *Webber* v. *Jackson*, 79 Mich. 175.

*Laches.* Counsel urge with much insistence that the complainant waived his right to rescind his contract, and must, therefore, be left to his action at law if he can now have any remedy. There are, perhaps, cases where laches may be a meritorious defense; as, for instance, where the fraud is constructive, and does not involve anything in the nature of deceit, and where the party asking rescission has, with full knowledge of the situation, chosen to retain the property. It is said in this case that Barron was a speculator, in the habit of handling stocks; that he engaged with Myers in selling stock in these mines; that he visited the mines and worked in or about them, and therefore must have known the truth concerning them, and the falsity of the alleged representation; and that he participated with Myers and others in a reorganization of one of the mines; and that it is now too late to rescind the contract. This claim is not, in our opinion, one that can be called meritorious. It has not occasioned any change in Myers' situation to his injury. It is true that the mine has since been sold on foreclosure, as Myers probably saw that it would be sooner or later. This does not, of itself, necessarily prevent the application of the rule that laches will preclude relief, but, as it shows that rescission will not do an injustice to Myers, it removes such an obstacle to relief. It is true that Barron did engage to aid Myers in selling stock. He went to the mines and came back with extravagant ideas of their richness. He was active thereafter in impressing upon others belief in the mine and by his assertions of confidence aided in the swindling of his townsmen by Myers. We have no reason for say-

ing that his statements were not honest, or that he had at that time discovered the falsity of the statements that had been made concerning the condition of the companies, or that the money which he and others had paid had gone to Myers, instead of to the company treasury, as he had a right to suppose it would do. Apparently the full enormity of Myers' duplicity was not discovered by him until the spring of 1904, shortly before he filed the bill in this case, if, indeed, he fully understood it then. The law does not require action to rescind before the defrauded person is reasonably certain that he has been defrauded. If he acts with reasonable promptness thereafter, it is sufficient. The law of laches should be used as a shield and not a sword.

*Status quo.* It is contended that complainant should fail in his suit, for the reason that he cannot place the defendants in the same situation that they were in before the transaction. We may eliminate Mrs. Myers from this equation, because we are satisfied that she was a mere tool of her husband, and, if she assumed any obligation, it was collusive and fraudulent. Her obligation to the complainant to pay the mortgage outstanding will be removed by the decree in this case. As to Merlin A. Myers, counsel claim that he cannot be required to accept the stock and bonds because they have fallen in value, whatever its cause may have been. The right to rescind does not depend upon a plaintiff's ability to make his adversary whole pecuniarily. It depends on returning to him what he received, or, if this cannot be done, showing its worthlessness. The record shows a tender made to Myers, in May, 1904, and a refusal to consent to a rescission on his part. The bill was filed shortly after. At the time this tender was made, complainant offered to return all that he had received. After the commencement of the suit, he, with other bondholders of the Big Master mine, decided to reorganize the company and buy up the property which was under foreclosure. This was done with the approval and concurrence of Myers, and was the only way of saving the

property, or any interest therein, to the stockholders of that company, and ought not to deprive complainant of his right to cancellation.

The decree of the circuit court is affirmed, with costs, and the cause is remanded for further proceedings.

CARPENTER, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.