MICHAEL J. MALLOY, v. MAGGIE J. FOLEY and others, Appellants.

**Real Property:** CONTRACT OF SALE: MARKETABLE TITLE: AUTHORITY OF
1  AGENT. Where there are no reservations or exceptions in a contract for the sale of real property the law implies that the vendor will furnish the purchaser a merchantable title, free from incumbrance; and a contract to that effect made by an agent authorized to sell is binding upon the principal, although not expressly authorized to agree to furnish an abstract showing perfect marketable title.

**Specific performance:** TENDER OF PERFORMANCE. Where a vendor
2  of land absolutely refuses to convey upon the terms previously agreed to, the purchaser need not tender the balance of the purchase price to preserve his right to specific performance of the contract.

**Same:** DISCRETION OF COURT. Actions for specific performance are
3  addressed to the sound legal discretion of the court.

*Appeal from Scott District Court.*—HON. JAMES W. BOLLINGER, Judge.

MONDAY, DECEMBER 18, 1911.

ACTION in equity for the specific performance of a contract for the conveyance of real estate. Judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*Ralph C. Williamson* and *E. A.* and *W. H. Morling* for appellees.

*Carroll Bros.* and *M. F. Donegan* for appellee.

SHERWIN, C. J.—The defendant Maggie J. Foley is

the owner of the land in controversy. She is a nonresident of this state, and the land is situated in Davenport. William Hoersch, of Davenport, was, at the time of the transaction involved herein, the agent of Maggie J. Foley, having general charge of the property, and he had been in charge thereof during the entire ownership of Maggie J. Foley. On the 27th day of July, 1908 he, as agent, entered into a written contract of sale of the property to the plaintiff for the sum of $1,250, and therein stipulated that the purchaser should receive an abstract of title showing perfect title, free from all liens and incumbrances, including certain paving, sewer, and city taxes, which were then liens on said property. The plaintiff gave the agent a check for $50 as a part payment on the purchase. Hoersch then notified the defendant Maggie J. Foley of the sale and sent the check to her. The check was returned in a letter, wherein it was stated that the owner did not understand that she was to take care of the unpaid paving and sewer assessments that were then liens on the land, and in which she, in effect, repudiated the contract that had been made by her agent. This suit followed. There can be no question on the record before us but what Hoersch was the duly appointed agent of Maggie J. Foley for the sale of this property, and that he was authorized to sell the same for $1,250 and to furnish an abstract of title. These facts are conclusively shown by the letters that were written by Maggie J. Foley, and by her brother, C. E. Foley, for her, to Hoersch. She fixed the price of $1,250 without any exceptions or conditions and agreed to furnish an abstract of title. It is true that the owner did not expressly authorize her agent to contract to furnish perfect marketable title, but in doing so he did no more than the law requires under the facts. The price demanded and agreed to was a sound price, and where such is the case, and there are no reservations or exceptions, the law implies that a marketable title, free from incumbrances, will be

furnished the purchaser. *Bartle v. Curtis*, 68 Iowa, 202; *McGuire Bros. v. Blanchard*, 107 Iowa, 490; *Schreck v. Pierce*, 3 Iowa, 350; *Curtis Land & Loan Co. v. Interior Land Co.*, 137 Wis. 341 (118 N. W. 853, 129 Am. St. Rep. 1068.)

Hoersch, the agent, was expressly authorized to sell the property for $1,250, and he did so, accepting as part payment thereon the plaintiff's check for $50. Had objection to this check as a part payment been made by Hoersch, or by Maggie J. Foley when it was received by her, it could not be considered as a payment that would take the case out of the statute of frauds. But no such objection was at any time made, and the form of payment will be deemed waived.

The absolute refusal of the owner to sell on the terms theretofore fixed by her relieved the purchaser from further tender of price. *Webb v. Hancher*, 127 Iowa, 269; *Primm v. Wise & Stern*, 126 Iowa, 528.

Actions for specific performance are addressed to the sound, legal discretion of the court, and we think this a case where such discretion was wisely exercised. The judgment is therefore *affirmed*.

## SUPPLEMENTAL OPINION.

### FRIDAY, MAY 17, 1912.

PER CURIAM.—The statute of frauds was in no way involved in this case and what is said in the original opinion relative thereto was an inadvertence and the statement is hereby withdrawn.

The petition for a rehearing is *overruled*.