W. M. HEALY, Appellant, v. CHRIS HOHN, MRS. CHRIS HOHN, BUTLER & RHODES ET AL., Appellees.

**Specific performance.** Specific performance of a contract is a mat-
1   ter of equity rather than strict right.

**Contracts:** PAROL EVIDENCE: VARIANCE. A condition precedent to the
2   effectiveness of a contract, which does not go to its terms but

to the question of whether there was in fact a completed agreement, may be shown by parol.

**Same:** SPECIFIC PERFORMANCE: CONDITION PRECEDENT. Where a contract to convey real estate was signed in triplicate by the husband alone, with the understanding that the wife was to sign one copy and when this was done the papers were to be exchanged, her signature was a condition precedent to the consummation of the contract, without which specific performance will not be decreed.

**Same:** APPEAL: REVIEW. On an issue of specific performance which is close in its facts some weight will be given the finding of the trial court, although the action is triable anew on appeal.

**Same:** SPECIFIC PERFORMANCE. Where the contract to convey land, all subject to a mortgage and including the homestead, was not signed by the wife and upon request she refused to sign the same, and subsequently the land was sold to others who purchased in good faith, specific performance of the contract was properly refused on the ground that it might be detrimental to the interests of the wife and lead her into litigation.

*Appeal from Webster District Court.*—HON. C. G. LEE, Judge.

TUESDAY, NOVEMBER 19, 1912.

SUIT in equity for the specific performance of a contract to convey real estate. The trial court, upon issues duly joined, heard the case upon its merits and rendered a decree dismissing plaintiff's petition. Plaintiff appeals. —*Affirmed.*

*Robert Healy, B. B. Burnquist,* and *A. N. Botsford,* for appellant.

*Mitchell & Fitzpatrick,* for appellees.

DEEMER, J.—The suit is upon an alleged contract in words and figures as follows:

This contract, made and entered into on the 25th day

of January, A. D. 1910, by and between Chris Hohn and
Emma Hohn of Webster county, Iowa, parties of the first
part, and L. W. Schaffner and W. M. Healy of Webster
county, Iowa, parties of the second part, witnesseth:   That
for and in consideration of the agreements and covenants
therein contained and set forth in this contract, the parties
of the first part hereby agree to sell and to convey to the
parties of the second part, and the parties of the second
part agree to buy, the east one-half of the northeast quarter
(E. ½ N. E. ¼) of section 13, township 89, range 29,
Webster county, Iowa, for and at the agreed consideration
of the sum of $9,900, which sum is to be paid in the fol-
lowing manner:   The sum of $100.00 to be paid on the
signing of this contract.   The sum of $1,900 to be paid on
or before March 1, 1910, and a note signed by the parties
of the second part, payable on or before March 1, 1913,
drawing 6 per cent interest, for the sum of $3,900.   The
parties of the second part buy said above described premises
subject to a mortgage of $4,000, which they assume and
agree to pay.   It is further agreed by the parties hereto that
the parties of the first part are to pay and discharge all
liens, incumbrances, taxes, and interests that are due and
payable March 1, 1910, due and levied against the above
described land, with the exception of the above mentioned
mortgage of $4,000.   It is further agreed by the parties
hereto that the parties of the first part are to deliver to
the parties of the second part on or before March 1, 1910,
a warranty deed and an abstract of title showing good and
merchantable title in the party of the first part.   [Signed]
L. W. Schaffner.   W. M. Healy.   Chris Hohn.

While the signature of defendant Christ Hohn is not
denied, he alleges that the contract never became valid and
binding because of a condition to the effect that it should
not become effective until his wife signed the same, and this
she refused to do.   He also alleges that the contract was
conditional upon his becoming satisfied with the sufficiency
of the unsecured notes of the purchasers, and that upon
inquiry he found this sort of security was unsatisfactory,
and that he refused to complete the contract.   Another part
of his pleading was to the effect that the purchasers repre-

sented that the contract would not be binding until his wife
signed, and that he signed the same with this understand-
ing and in reliance upon the statements made him, and
that there never was any meeting of the minds upon the
contract, and that it never became binding.   Mrs. Hohn
was made a party to the action, and she pleaded that the
subject matter of the contract was her homestead; that she
did not sign the contract; and that it was of no validity.
She also pleaded that the property was incumbèred by
mortgage in the sum of $4,000, and that this mortgage
should be paid out of the forty acres of land not included
in the homestead, and that her rights should be protected.
In this plea her husband joined, and he also pleaded the
invalidity of the contract because of the homestead char-
acter óf the land.    The other defendants, although pur-
chasers of the land, claim no rights save those possessed
by their grantors.   .Such were the issues on which the case
was tried, and the court below found that there never was
a completed contract between the parties.

By this appeal that finding is challenged; and it is
also claimed that plaintiff is entitled to specific perform-
ance of the contract, in so far as the nonhomestead forty
acres is concerned, with proper abatement from the pur-
chase price to protect the plaintiff, and, .as we understand
it, plaintiff is willing to have the $4,000 made a special
lien upon this forty.   Plaintiff's chief reliance, so far
as the law is concerned, is upon *Venator v. Swenson,* 100
Iowa, 295; *Townsend v. Blanchard,* 117 Iowa, 36; *Don-
aldson v. Smith,* 122 Iowa, 388; *Bradford v. Smith,* 123
Iowa, 41, and other like cases.

But the issues also raise the question as to whether
there ever was a completed contract, and, if so, whether
or not a court of equity should specifically
enforce the same; specific performance being,
in its last analysis, a matter of equity rather than of

.1. SPECIFIC
   PERFORMANCE:

strict right. *Malloy v. Foley,* 155 Iowa, 447; *Findley v. Kock,* 126 Iowa, 131.

The primary and fundamental question in the case is: Was there a completed contract for the sale of the land? The trial court found that there was not, either

2. CONTRACTS: parol evidence: variance.

because the wife was to sign, or Hohn was to be satisfied with the unsecured note for $3,900, before the contract was to become effective. That such conditions may be shown by parol is well settled, because they go not to the terms of the contract, but to the vital question of whether or not there ever was a contract between the parties. *Cavanaugh v. Beer Co.,* 136 Iowa, 236; *Foshier v. Fetzer,* 154 Iowa, 147; *Iowa Loan Co. v. Haller,* 119 Iowa, 645; *Venator v. Swenson,* 100 Iowa, 295; *Green Ridge Co. v. Littlejohn,* 141 Iowa, 221; *Sutton v. Weber,* 127 Iowa, 361.

Reduced to its last analysis, these questions are of fact, and plaintiff comes to us with a finding against him on one or the other, or both, of these propositions. We

3. SAME: specific performance: condition precedent.

have examined the record with care upon these questions and conclude that, while there is a conflict in the testimony relating thereto, the evidence is not such as to justify us in disregarding the finding of the trial court. It is agreed that there was talk about the necessity for the wife signing; and the scrivener who drew the contract (plaintiff in the case) evidently thought it was necessary for the wife to sign, or her signature was contemplated, because in drafting the contract he inserted the wife's name, after making inquiry as to her first name. This is a strong circumstance in support of defendant's contention, and, although not conclusive, because, under our law, it might be enforced against the husband without the wife's signature, is entitled to great weight.

Again, the matter of the unsecured note for $3,900 was the subject of comment between the parties, and de-

fendant undertook an investigation as to whether such paper was regarded as good security by the banks, and, finding that it was not, concluded not to complete the contract. However, he did not give the plaintiff time or opportunity to make satisfactory terms in this respect; and we do not think a finding for defendants on this ground alone could be sustained.

The proposed contract was executed in triplicate, and we are satisfied that all parties understood that defendant was to take one copy, in order to secure his wife's signature, and that after this was done they contemplated an exchange of papers, defendant to turn over the copy upon which he had secured his wife's signature, and to receive from plaintiff the copy bearing the signatures of the purchasers. This was never done, and in our view the trial court was justified in finding that this was a condition precedent to the full consummation of any contract. If it was, then, as the condition was never performed, there was no such contract as a court of equity would enforce. *Sheldon v. Crane,* 146 Iowa, 461.

The trial court had all the witnesses before him and the advantage of their personal presence; and upon an

**4. SAME: appeal: review.** issue so close in its facts as here appears his finding should be given some weight. *Schurz v. Schurz,* 153 Iowa, 187; *Kent v. La Rue,* 136 Iowa, 113; *Bank v. Porter,* 116 Iowa, 377.

II. Aside from this, and assuming that there was a completed contract between the parties signing the same, we still have the question as to whether it should be spe-

**5. SAME: specific performance.** cifically enforced. Forty acres of the property was the homestead of Hohn and his wife. The wife did not join in the conveyance; nor, so far as shown, did she ever promise to do so. She is entitled to have her homestead protected, and if there had been no mortgage upon the land this might be done, no doubt, by a proper order. But the sale was for a gross

sum and not by the acre, and the entire land is incumbered by mortgage for $4,000. The wife's inchoate interest in the nonhomestead forty acres must also be protected, or, at least, such rules adopted as would protect her therein. It is true that all the land has now been sold; but this is not regarded as controlling, for the reason that these purchasers have no greater right than their grantors here had, and to grant specific performance at this time would greatly complicate the situation and possibly result in harm or misfortune to the wife. The sale of the homestead forty acres to Butler and Rhodes is a complicating circumstance, which should be considered. That sale may be good, although not good as to the nonhomestead forty. If that result should follow, with an outstanding mortgage of $4,000 on both forty-acre tracts, there would doubtless be further litigation between the parties and considerable confusion in the adjustment of the respective rights thereof. There is nothing to indicate want of good faith in these purchasers. They paid but little, if any, more for the land than plaintiff agreed to pay, and there is nothing to indicate that there was any special bargain in the land at the price which plaintiff agreed to pay. Recognizing the rule that the trial court is vested with a discretion as to whether or not he will, under such circumstances, grant a decree of specific performance, we feel constrained to hold that the case is not one where we should interfere with that discretion. It is not enough to say, in answer to this, that the trial court specifically found there was no contract to be enforced. The other finding necessarily inhered in the decree, and the rule as to discretion may have influenced the finding.

The case, as presented, is not one which justifies our interference. The decree must therefore be, and it is— *Affirmed.*