L. B. LARABEE, Appellant, v. N. GILBERT, Appellee.

SPECIFIC PERFORMANCE:   Contracts Enforcible—Evidence.   Specific performance is not a matter of right. Evidence relative to plaintiff's failure to furnish an abstract of title free from incumbrance, and relative to plaintiff's false representations as to the condition of the land, reviewed, and held to amply justify the court in refusing specific performance.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

DECEMBER 15, 1922.

REHEARING DENIED MARCH 13, 1923.

ACTION in equity, for specific performance of a land contract wherein appellant agreed to sell a Floyd County farm to defendant, and to take, as a part of the consideration, 334 acres

of Wisconsin land, for $6,600. Appellee denies that appellant performed conditions precedent to his right to demand specific performance, pleads fraud and a rescission, and in a cross-petition, demands the reconveyance to him of the Wisconsin land, which was conveyed to appellant about the time of the execution of the contract. After a trial, plaintiff's petition was dismissed, for want of equity. The decree also required plaintiff to reconvey to defendant the Wisconsin land, and that, within 30 days, defendant be required to deliver to the clerk, for the plaintiff, a written assignment of his interest in the lease on the Floyd County land, and his interest in the rentals thereunder. Within 30 days, defendant filed said assignment with the clerk. The plaintiff appeals.—*Affirmed.*

*C. D. Ellis* and *F. & F. M. Linnell,* for appellant.

*M. E. Geiser* and *J. C. Campbell,* for appellee.

PRESTON, J.—Without setting out the contract in full, it provides substantially that plaintiff has sold his 160 acres in Floyd County to the defendant for the agreed price of $44,000, to be paid as follows: Defendant is to give a deed to the Wisconsin land at $6,600; defendant assumes a first mortgage of $20,000 now on the Iowa land, and is to give a second mortgage, to secure the further payment of $10,000; and on March 1, 1921, being the time possession of the Iowa land is to be given, defendant is to pay the sum of $7,400, as a further payment under this contract. Plaintiff is to convey his land by good and sufficient warranty deed, and to furnish abstract of title showing merchantable title in him on March 1, 1921, including all taxes and interest to date. Defendant deeded the Wisconsin land to plaintiff at about the time of the transaction, and took possession of plaintiff's land. Plaintiff alleges his readiness to perform all agreements upon his part, and that, on March 16, 1921, he tendered defendant a deed; but that defendant refused to accept the same, and to pay the balance of the purchase price and give the mortgage.

At the trial, in December, 1921, the plaintiff amended his petition, and alleged that defendant, by his acts and conduct,

waived the provisions in the contract that plaintiff was to furnish him an abstract of title free from incumbrance except the $20,000 mortgage, which defendant was to assume, and waived performance except in the manner the same was tendered and furnished by plaintiff.

Defendant admits that, after the execution of the contract, believing that plaintiff would comply with the contract, he entered into a lease with the person occupying the premises as tenant, but says he collected no rents, and has directed the tenant to make payment of rents to plaintiff. Plaintiff testifies that he made no objection to defendant's taking possession of the land or renting it. We do not understand appellant to claim that he was not placed *in statu quo*. At the trial, defendant offered in open court to assign the lease to plaintiff, and tendered such an assignment. Defendant admits that, about March 16th, plaintiff tendered him a deed, and that defendant refused to accept it, and to go on with the trade. He alleges that, at the time plaintiff so tendered the deed, the premises were not free from incumbrance except the $20,000, but says that there was a valid, subsisting mortgage to one Schermerhorn against the premises for $7,300, which was shown on the abstract to be an unsatisfied lien. Defendant further alleges that when, on March 16th, plaintiff tendered a deed and abstract, the abstract showed, in addition to the $20,000, a mortgage incumbrance of $7,300, which was unsatisfied; that plaintiff at no time tendered defendant a deed of conveyance of the Iowa land in accordance with the contract, or an abstract of title showing the premises free from the $7,300 mortgage, by reason of which defendant refused to accept the deed; and that he rescinded, and by his answer rescinds the contract. He demands reconveyance of the Wisconsin land. Defendant further alleges that, at the time the parties entered into the contract, and as an inducement to defendant, plaintiff represented that the Iowa land was reasonably worth $300 per acre, and that the same was well and thoroughly tiled out; that, relying thereon, he was induced to enter into the contract; that in truth the representations were false and fraudulent, and so known to plaintiff, etc.

For reply, filed a few days before the trial, plaintiff alleges that, because of defendant's laches, and because of his taking

possession of the land, defendant has waived his right to rescind, and that he is estopped from rescinding the contract; and further, that, at the time the deed was tendered, plaintiff offered and tendered a release of the $7,300 mortgage, and offered and agreed to apply the cash payment of $7,400 due from plaintiff, or so much thereof as might be necessary, to the payment and satisfaction of said mortgage; but that the defendant refused at said time to make said cash payment, or to apply the same in satisfaction of the mortgage. The reply also alleged that defendant was not ready to perform the contract on March 1, 1921, and that defendant asked for additional time of from 10 to 30 days, in which to raise the money and make the cash payment, which by the contract was payable to plaintiff March 1st; and that, by reason of this, defendant has waived any right, and is estopped from asserting any right to require strict performance of the contract on March 1st; that defendant·failed to rescind within a reasonable time after he learned, as he says, of the fraud.

The plaintiff is a resident of Illinois, and was represented by other parties in the negotiations for the sale of his land and in the execution of the contract. The $7,300 mortgage was not released. It appeared on the abstract as an incumbrance, and because of this, the abstract did not comply with the contract. It appears that the Schermerhorn mortgage of $7,300 was acquired by a bank. It may be, as contended by appellant, that, because defendant asked for additional time of from 10 to 30 days, defendant should be held to have waived strict compliance with the contract, in so far as demanding performance on March 1st is concerned. As to waiver and estoppel in regard to other matters pleaded, we think that, under the evidence to be referred to later, there was no waiver or estoppel. Plaintiff made no objection to defendant's taking possession of the Iowa land, and defendant did so, assuming that the land was as represented, and that plaintiff would perform all the conditions precedent required of him. The evidence shows that defendant went to the farm on the day the contract was executed; but all agree that it was raining hard at that time, and that defendant made no special examination of the land, or with reference to the tiling or outlets. Defendant testifies that he did not know

of the falsity of the representations in reference to these matters until two or three days before the trial. Some of plaintiff's evidence is to the effect that defendant stated that he was having trouble to raise the $7,400 he was to pay in cash, and that plaintiff, or an officer of the bank holding the $7,300 mortgage, was offering to release the $7,300 mortgage if defendant would first make the $7,400 cash payment. In other words, if defendant would make this payment, they were willing to deduct the $7,300 from it. It may be that plaintiff was having the same trouble to raise the $7,300 to pay off the mortgage, in order that the abstract might not show the incumbrance, and that they were seeking to put the burden upon the defendant to raise the money. However this may be, the first offer of that kind was made several months after the time fixed in the contract for performance by plaintiff. The same offer was again made by the plaintiff at the trial in December. Evidence on behalf of the defendant is to the effect that plaintiff, or those acting for him, represented that plaintiff's land was worth $300 an acre, and that the land was thoroughly tiled out; that he relied on the representations, and would not have made the trade but for them. While defendant was a landowner, and appears to have inherited land, he was not acquainted with land in that vicinity, and his evidence is that he did not know the value of the land, and could not tell whether it was tiled, and whether the outlets were good; that he first learned this two or three days before the trial, when he offered, in open court, and by his pleadings, to rescind, and did rescind the contract because thereof, and because the $7,300 had not been released, and the abstract did not comply with the contract. Schermerhorn and Mahoney, who were real estate agents, and were present at the time of the execution of the contract, deny the defendant's evidence in reference thereto; and yet Peters, who brought defendant to the office of Schermerhorn and Mahoney, and who showed the land to defendant before the execution of the contract, and on the day of its execution, testifies for plaintiff in rebuttal that he heard the statement made to defendant that this farm was tiled out, and that the others said it should sell for $300 per acre, provided it was "painted up a little;" that he told defendant he thought it was a good farm, and that another farm which he

showed defendant was not nearly as good a farm as plaintiff's; that "there was practically nothing said about the deal until we got back to the office, but I certainly tried to get him to make the deal." Mahoney, plaintiff's agent, who executed the written contract on behalf of plaintiff, testifies that neither he nor Schermerhorn told defendant that the farm was actually worth $300 per acre.

"We said it should sell. for $300 an acre if the buildings were painted and some repairing done."

We think the weight of the evidence is that the representations were made, as contended by plaintiff. The weight of the evidence is that the land was not properly tiled; that the tile was not working; that the outlets were not sufficient; and that a part of the land was wet, and had not been cultivated. The contract price of the land was $275 an acre. The weight of the evidence shows quite clearly that, at the time the contract was entered into, the land was worth not to exceed $210 to $215 an acre. The evidence also shows that, within a short time, perhaps a month or so after the contract was entered into, the price of land began to fall sharply. It is probable that the value of the land at the time of the trial did not greatly exceed the incumbrances.

We have only attempted to give a summary of the evidence, without going into details. As to some of the questions presented, they are questions of fact. We have indicated that, as to these, the weight of the evidence is with defendant.

Appellee contends that the release of the $7,300 mortgage and the showing of that fact on the abstract formed a condition precedent, and that plaintiff was not in a position to demand performance from the defendant until all conditions required of plaintiff had been performed; that because of this, and because of the fraud, defendant was entitled to rescind, and that he did so rescind; and that the rescission was timely. Defendant also contends that the contract was unconscionable, and that it would be inequitable, under all the circumstances, to now enforce specific performance against the defendant.

Numerous cases are cited by counsel for either party pro and con on the different propositions, but we deem it unnecessary to discuss or review them. We are of opinion that, on the

whole record, the plaintiff did not make a case for specific performance. A party is not entitled to specific performance as a matter of right. It is a matter of equity, rather than of strict right, and a matter of just discretion of the court. *Healy v. Hohn,* 157 Iowa 375, 378; *Malloy v. Foley,* 155 Iowa 447; *New York Brok. Co. v. Wharton,* 143 Iowa 61; *Waters v. Pearson,* 163 Iowa 391, 404.

Without further discussion or citation of authority, we are of opinion that the trial court correctly decided the case, and the judgment is—*Affirmed.*

STEVENS, C. J., WEAVER and DE GRAFF, JJ., concur.