FOREST G. DICKERSON, Appellee, v. ISABELLE MORSE et al., Appellants.

**VENDOR AND PURCHASER:** Remedies of Purchaser—Non-merger by
1 Deed—Rescission. A vendee of land by accepting a deed with the mutual understanding that the delayed abstract of title will be furnished as per the original contract does not thereby merge the contract in the deed, and may rescind the contract when the vendor fails to deliver the required abstract.

**VENDOR AND PURCHASER:** Rescission—Status Quo—Market De-
2 preciation. The general market depreciation of land after the making of a contract of sale is not a matter that affects the right of rescission.

**VENDOR AND PURCHASER:** Rescission—Intervening Liens—Protec-
3 tion of Vendor. Rescission may be granted notwithstanding the fact that judgments have been rendered in the meantime against the vendee, when the court adequately protects the vendor against harm therefrom.

**VENDOR AND PURCHASER:** Rescission—Waiver—Payment of Inter-
4 est and Taxes. The right to rescind will not be deemed to be waived by the act of the vendee in paying interest on the mortgage when such

payment was made by vendee under protest and to protect himself in case he failed to establish grounds for rescission.

VENDOR AND PURCHASER: · Rescission—Rescission in Entirety.
5 · When land is sold in its entirety, the contract, in a proper case, may be rescinded in its entirety. .

Headnote 1:  18 C. J. p. 214; 39 Cyc. pp. 1406, 1456.  Headnote 2:  9 C. J. p. 1212.  Headnote 3:  9 C. J. p. 1263. (Anno.)  Headnote 4:  39 Cyc. p. 1432.  Headnote 5:  9 C. J. p. 1209 (Anno.)

. Headnote 4:  30 L. R. A. (N. S.) 872; 27 R. C. L. 656.·  Headnote 5: 27 R. C. L. 643.

*Appeal from Marion District Court.—J. H. APPLEGATE, Judge.*

MARCH 15, 1927.

Action in equity, to rescind a contract of purchase of certain real estate by reason of defect of title and to recover the amount paid on said contract. A decree was entered, granting the relief prayed. Defendants appeal.—*Affirmed.*

*Johnson & Shinn* and *Mabry & Mabry,* for appellants.

*Johnson & Teter,* for appellee.

DE GRAFF, J.—The pleaded facts constituting plaintiff's cause of action, and the law applicable thereto, are found in *Dickerson v. Morse,* 200 Iowa 115. Upon the first trial, the legal sufficiency of the petition of plaintiff was challenged by a demurrer, and the ruling sustaining the demurrer was reversed on appeal. On this appeal, the pleaded defenses, in the light of the evidence, are before us for consideration. It is necessary, in order to understand the defenses interposed, that the material facts should be stated.

On December 1, 1919, the plaintiff entered into a written contract with the defendants for the purchase of a certain described parcel of real estate, and under the provisions of said contract, the plaintiff was entitled to possession of said premises on March 1, 1920, at which time the defendants were to execute to plaintiff a warranty deed, and furnish an abstract showing merchantable title and free from all liens and incumbrances. On March 6, 1920, the defendants executed and delivered to the plaintiff their warranty deed for the premises, at which time the

plaintiff executed and delivered to the defendant Isabelle Morse his promissory note in the sum of $19,480, and, to secure said note, executed and delivered to said defendant his mortgage on said real estate. Plaintiff also paid to the defendants, at said time, including his initial payment, a sum aggregating $7,900. There was retained the sum of $100 of the purchase price until the defendant should furnish an abstract of title in accordance with the terms of the written contract. The abstract of title was not furnished at said time, but it was understood and agreed by the parties that an abstract should be furnished in conformity to the contract.

Plaintiff entered into possession of said premises about March 6, 1920. The defendants did not furnish plaintiff with any abstract of title until February, 1921. This abstract was rejected, because of its form and dilapidated condition. The new abstract was not furnished until the fall of 1922, and upon its examination shortly thereafter by plaintiff's attorneys, the defects complained of in this action were discovered, and this action was commenced.

The trial court determined that the defendants did not have such title, under the will of one C. A. Morse, deceased, that they could convey in conformity to the terms of their contract with plaintiff; that the contract should be rescinded; that plaintiff was entitled to recover the amount paid on the purchase price; and that the note and mortgage given for the balance of the purchase price should be canceled. He further determined other matters involved in the settlement, relative to value of crops received by plaintiff during his occupancy, taxes that had been paid, interest to be accounted for, depreciation of buildings and other appurtenances, and other items that were necessary to be taken into consideration in the accounting between the parties.

The defendants, by answer, interposed certain defenses which questioned the right of plaintiff to a rescission of the contract and the recovery of the purchase money paid by him.

I. It is first contended that there was a merger of the contract in the deed, and that plaintiff's only remedy for the alleged

1. VENDOR AND PURCHASER: remedies of purchaser: non-merger by deed: rescission.
defect in title is on the covenants of the deed. It may not be questioned that, when a deed is accepted in compliance with the terms of a contract for the sale of real estate, the contract is

merged in the deed. In the last analysis, it is a question of intent.

The defendant-vendor delivered to the plaintiff a dilapidated abstract of title. Plaintiff had the legal right to demand and receive a new abstract. *Fagen v. Hook*, 134 Iowa 381. The initial payment with the delivery of the note and mortgage was conditional. It was clearly understood to be so by the parties hereto. A merger was not intended. The case of *McNair v. Sockriter*, 199 Iowa 1176, is not analogous on the facts, and therefore not controlling. The written contract herein contemplated that an abstract should be furnished, showing good title to the lands conveyed, and, to insure the subsequent furnishing of such abstract, $100 of the purchase price was retained by the plaintiff. There was no waiver of any stipulation of the written contract. It was still executory in purpose and character. There is no showing that plaintiff knew the condition of the title. In fact, the interpretation of a will was originally involved in this case. Plaintiff, as a layman, necessarily depended on legal advice, and was entitled to act upon the opinion of his attorneys after an examination of the abstract by them.

The record discloses that the abstract was not fully examined by the attorneys until in the fall of 1922, and soon thereafter this action was commenced. A new and proper abstract was not furnished until sometime in the fall of 1922. The defendants were obligated to furnish a marketable title, which means such a title as could be sold to a reasonable purchaser, or mortgaged to a person of reasonable prudence, as security for a loan of money. *Shreck v. Pierce*, 3 Iowa 350; *McGuire Bros. v. Blanchard*, 107 Iowa 490; *Fagen v. Hook*, supra; *Curtis Land & Loan Co. v. Interior Land Co.*, 137 Wis. 341 (118 N. W. 853). Such a title was not furnished.

II. It is further contended that the plaintiff is estopped by his conduct from demanding the relief sought by him, on the ground that, during his occupancy of the premises, there has been a material depreciation in the market value of real estate, and that the lands have been incumbered by a judgment-lien rendered against the plaintiff in favor of one O. L. Mick.

We may take judicial notice of the fact of the general depreciation in land values since March 1, 1920, but we are not ready to hold that a depreciation in the market value of real

estate constitutes a defense to the instant action.
A substantial restoration is all that in any event
is required. The right to rescind does not depend upon plaintiff's ability to make the adverse
party whole in a pecuniary sense as to the real estate conveyed.
The *status quo* depends upon returning to defendant what plaintiff has received. 9 Corpus Juris 1212; *Goodrich v. Lathrop*,
94 Cal. 56 (28 Am. St. 91).

*2. VENDOR AND PURCHASER: rescission: status quo: market depreciation.*

It was plaintiff's right to receive a perfect title of record at
the time or within the time specified in the contract. A court
must consider the title as it existed at the time fixed for the performance of the contract and delivery of the conveyance. The
market depreciation of the land is not a matter affecting the
right of rescission. See *Crim v. Umbsen*, 155 Cal. 697 (103 Pac.
178, 132 Am. St. 127); *Neblett v. Macfarland*, 92 U. S. 101 (23
L. Ed. 471); *Barron v. Myers*, 146 Mich. 510 (109 N. W. 862);
*Darelius v. Commonwealth Mortgage Co.*, 152 Minn. 128 (188 N.
W. 208).

With reference to the judgment entered against this plaintiff, the record shows that the action commenced by Mick against
the plaintiff was long after the instant action was instituted, and
the trial court further found that it would be a
sufficient protection to the defendants if the
money due on the Mick judgment should be paid
by these defendants into the office of the clerk of
court, to satisfy the judgment against plaintiff, before any balance should be paid to plaintiff by these defendants.

*3. VENDOR AND PURCHASER: rescission: intervening liens; protection of vendor.*

III. Defendants also plead a waiver, predicated on the
fact of the payment of interest by plaintiff on the mortgage given
to the defendant Mrs. Morse to secure the balance of the purchase
price. Plaintiff did pay interest on said mortgage prior to the commencement of this action,
but at that time he had no information as to the
true condition of the title to the land. Subsequent payments were made under protest, and for the purpose of
protecting his rights in the matter if, on final hearing, it was determined that the abstract disclosed a good title. There was no
intention on plaintiff's part to waive his right to rescind. See
27 Ruling Case Law 491, Section 209; *Beloskursky v. Jozwiak*,
221 Mich. 316 (191 N. W. 16); *Larabee v. Gilbert*, 195 Iowa 501.

*4. VENDOR AND PURCHASER: rescission: waiver: payment of interest and taxes.*

Plaintiff also paid the taxes. He was under legal obligation to so do, and the fact of payment can in no wise be construed as supporting the defense of waiver or estoppel.

IV. It is the further claim of defendant that Mrs. Morse held title to the south 40 acres of the land in question, and that

5. VENDOR AND PURCHASER: rescission: rescission in entirety.

as to said 40, plaintiff is not entitled to rescind, in any event. The answer to this point is that the land was sold in its entirety. Plaintiff was entitled to the whole, and he is likewise entitled, if at all, to rescind as to the whole. See *Bredensteiner v. Oviatt*, 202 Iowa 993.

It is urged by plaintiff, in argument, that the record shows that Mrs. Morse does own the 40 acres in question in fee-simple title, but we do not determine this contention. It is sufficient to determine plaintiff's right to rescind the pleaded contract.

We have given the findings and the decree of the trial court careful consideration. In the light of the record, we conclude that the rights of all parties have been protected, and that equity has been done. The decree entered is—*Affirmed*.

EVANS, C. J., and ALBERT and MORLING, JJ., concur.