## IN RE ESTATE OF MARY A. JENKINS.

### LUCETTA J. MERCER, Appellee, v. CHARLES R. JENKINS, Appellant.

**TRIAL:** Calendars—Formal Transfer Excused. Failure to *formally*
transfer an equitable issue of reformation of an instrument in a
law action—i. e., a probate proceeding—to equity, will be dis-
regarded on appeal when the issue was determinative of the liti-
gation and was tried to the court without objection. (See Book of
Anno., Vol. 1, Sec. 10947, Anno. 28 *et seq.*)

**REFORMATION OF INSTRUMENTS:** Evidence—Parol-Evidence Rule
—Nonapplicability. The parol-evidence rule is not applicable to a
proceeding to reform an instrument.

**REFORMATION OF INSTRUMENTS:** Grounds—Mistake and Fraud.
A written release and quitclaim of all the interest of an heir in an
estate will be reformed on a showing that one party thereto was
mistaken in its scope and that the fraud of the other party was
responsible for the mistake.

Headnote 1: 3 C. J. p. 756. Headnote 2: 34 Cyc. p. 983. Headnote
3: 34 Cyc. p. 920.

*Appeal from Poweshiek District Court.*—D. W. HAMILTON,
Judge.

NOVEMBER 17, 1925.

REHEARING DENIED FEBRUARY 19, 1926.

ACTION in probate, to require the defendant, the executor
of the estate of Mary A. Jenkins, deceased, to file with the
court his report, showing receipts and disbursements, together
with an inventory, and for an order that he turn into court the
assets of said estate. Plaintiff prays that said executor be re-
moved, and that an administrator *de bonis non* with will an-
nexed be appointed. From an order granting the relief prayed,
the defendant appeals.—*Affirmed.*

*Lewis & Dickson,* for appellant.

*T. A. Lane,* for appellee.

Albert, J.—The will of Mary A. Jenkins was admitted to probate on the 6th of April, 1922, and the appellant was appointed executor on the 30th of May following. The will, so far as material hereto, after providing for the payment of her debts and funeral expenses, reads as follows:

"2. I give, devise and bequeath to my son, Charles R. Jenkins, my home property located in Deep River, Iowa.

"3. I give to my daughter, Lucetta J. Mercer, the sum of $500."

In the fourth paragraph she names the appellant executor of the will.

It is conceded by all parties concerned that, at the time of her death, Mrs. Jenkins' estate consisted of what is known as the home property in the town of Deep River, being two lots in Block 2, another lot in said town somewhat distant from the aforesaid property, some household furniture, and a certificate of deposit in the State Bank of Deep River for the sum of $1,000, on which there was $50 interest due at the time of her death.

On the 15th of May, 1923, the appellant, as executor, filed an inventory, in which he set out all of the above described property. The claim of the appellee herein, Lucetta J. Mercer, is that, in addition to the above and foregoing described property, the deceased was the owner of a claim, and was party to a litigation in Marshall County district court, brought by one Araminta Collins and the deceased against one W. D. Mantell, to set aside a deed made to Mantell of 160 acres of land in said county; that, under the will of Araminta Collins, the deceased was given three shares of bank stock and $1,200 in cash. Appellee claims that the appellant, as executor, has failed to report, inventory, and account for these matters; that he has become a resident of the state of California; and that for such neglect and failure on his part to so report, and further because he has ceased to be a resident of the state of Iowa, he should be removed as executor.

The defense made by the appellant is that, on the 6th day of April, 1922, Lucetta J. Mercer (and her husband) made a writing as follows:

"Release and Quitclaim"

"I, Lucetta J. Mercer, of Iowa County, Iowa, in consideration of the sum of One Dollar and other consideration do hereby release, assign, quitclaim and convey unto Charles R. Jenkins all interest I may have in and to the estate of my mother Mary A. Jenkins, deceased, late of Deep River, Iowa, and I do consent that her estate may be closed without any notice on me.

"F. M. Mercer, husband of Lucetta J. Mercer, joins herein and releases any claim of any kind that he might have in said estate including dower.

"Dated this April 6, 1922.

"Lucetta J. Mercer.<br>"F. M. Mercer."

This paper was acknowledged before Charles W. Clark, a notary public. Appellee replies by admitting that she and her husband signed said instrument, but says that the signatures were procured by statements made by Charles R. Jenkins and his attorney, Charles W. Clark, that it was a receipt for $500, representing the bequest made to her under the will of her mother; that she believed said representations and relied on the same. She further alleges that Jenkins stated that he had nothing to do with the estate of Araminta Collins or the lawsuit then pending, and that said receipt did not in any way relate to or affect Lucetta Mercer's interest in anything coming from the Collins estate or the litigation in Marshall County, and that she would have exactly the same share from that as he would get, if anything at all came from it.

Appellee further alleges that no consideration was given for said instrument other than the sum of $500, the amount of the bequest made to her in the will of her mother, Mary A. Jenkins; that it was not the intent and purpose of any of said parties thereto that said instrument should cover any property to be received from the estate of Araminta Collins, deceased, or as a result of litigation in Marshall County in relation to her affairs. She asks that said instrument be reformed, and that it be decreed to be a receipt for the $500 bequest, and for such

other and further relief as to the court may seem just in the premises.

This being primarily an action to require the executor to account, and to remove him, it is necessarily a probate action, and a probate proceeding is always an action at law. *In re Estate of Clark,* 151 Iowa 511; *Tyrrell v. Shannon,* 147 Iowa 184; *Brandes v. Brandes,* 129 Iowa 351.

1. TRIAL: calendars: formal transfer excused.

It will be noted that the right of the appellee herein to any relief depends wholly on what disposition is made of the aforesaid release and quitclaim deed made by her to Charles R. Jenkins. Her claim in substance is that the same should be reformed so as to exclude from its operation the proceeds of the Marshall County controversy and the interest of Mary Jenkins in the estate of Araminta Collins. The instrument on its face purports to cover all of these matters, and, if it is to stand as it reads, appellee would have no basis for her claim herein. In other words, she would have no interest whatever in the estate of Mary Jenkins, deceased, and therefore could not maintain her contention.

It is admitted that out of the litigation with Mantell there was realized by settlement the sum of $2,917.41. The bank stock above referred to is shown to be worth $300, and the distant lot, worth from $50 to $100. The narrow issue, then, is whether or not the aforesaid written instrument is to be reformed so as to exclude from its operation the amounts realized from the Marshall County litigation and the estate of Araminta Collins. If this is to be done, it must be done under the equitable issue thus tendered.

The first contention of the appellant is that this is primarily an action at law, and reformation of the contract cannot be had in such a proceeding. No motion was made to transfer the issue to equity; neither was there any objection made to the injection of such an issue in the case; but both parties proceeded to try the case under the issues thus made. We have, however, recognized the rule in this state that, under circumstances of this kind, if the determination of the equitable issue will also determine the law issue, there is no necessity for transferring the equitable issues. See *Peoples Tr. & Sav. Bank v. Engle,* 194

Iowa 518; *Eller v. Newell,* 159 Iowa 711. While ordinarily equity cases are transferable, yet, in a case like the one at bar, where a jury is waived and the matter tried to the court without objection, it would be a useless matter to go through the idle form of transferring the matter from probate to equity, and it was not error for the court to try the case without transferring it. *In re Assignment of Knapp,* 101 Iowa 488.

Under the issues thus tendered, if the instrument were to be reformed, the appellee would be entitled to the relief for which she prayed in her original application. If the instrument were not reformed, then she would have no right to maintain such application. A decision of the equitable issue, therefore, was decisive of the appellee's application originally made, and is maintainable, under these circumstances.

Much attention is given by counsel to a discussion of the parol-evidence rule; but, having held that the issue of reformation of the contract was in the case and maintainable in this proceeding, we have settled that said rule would have no application where the prayer is for the reformation of a written instrument. *Coleman v. Coleman,* 153 Iowa 543; *Hausbrandt v. Hofler,* 117 Iowa 103; *Greiner v. Swartz,* 167 Iowa 543; *Slob v. De Mots,* 153 Iowa 411; *In re Estate of Patterson,* 199 Iowa 362.

2. REFORMATION OF INSTRU-MENTS: evidence: parol-evidence rule: nonapplicability.

Without incumbering the record with a detail of the evidence in the case, we are disposed to agree with the holding of the lower court that the plaintiff had clearly established her contention, to wit, that, at the time the writing was made, it was the understanding of both parties that the Marshall County litigation and the Collins estate were not covered by the writing. At least the evidence quite conclusively shows that such was the understanding of appellee, and that the appellant stated and represented to her that these matters were not covered by the contract. In *German Sav. Bank v. Geneser,* 116 Iowa 119, at page 125, this court said:

3. REFORMATION OF INSTRU-MENTS: grounds: mistake and fraud.

"There is an equitable rule to the effect that, where there is a mistake of law or of fact by one party which is induced, aided, or accompanied by inequitable conduct of the other, con-

taining elements of wrongful intent, such as misrepresentation or concealment, a court of equity will lend its aid, and relieve from the consequences of the error [citing *Williams v. Hamilton*, 104 Iowa 423; *Marshall v. Westrope*, 98 Iowa 324].''

We are satisfied to abide by this rule, and, it being applied to the facts in this case, the appellee was entitled to the relief for which she prayed, resulting in the reformation of the contract by excluding from its terms the proceeds from the settlement of the Marshall County litigation. There being no objections lodged to any other findings of the district court, it follows that the court committed no error in granting her the relief for which she prayed in her original application.—*Affirmed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.