**Edna Ione KUFER, Appellee,**

**v.**

**Earl CARSON and Phyllis Carson, Appellants.**

**No. 2–56944.**

Supreme Court of Iowa.

June 25, 1975.

Charles L. Elson, Leon, for appellants.

Howard E. Strand, Lamoni, for appellee.

Submitted to MOORE, C. J., and MASON, REES, HARRIS and McCORMICK, JJ.

REES, Justice.

Defendant appeals from trial court order dismissing his counterclaim for reformation of a deed and confirming plaintiff's ownership of disputed land. We affirm.

Plaintiff initiated this action under chapter 650, The Code, 1973 for the establishment of boundary lines between her property and land abutting on the south and east owned by defendant. In her petition plaintiff alleged she and her husband acquired title to both parcels in 1946 and conveyed the land lying south and east of the property she presently owned and occupied to defendant by warranty deed executed and delivered August 29, 1964. She further alleged that no visible line of partition separated the land she owned and the land conveyed to defendant and that "defendant has encroached upon and is attempting to establish some claim to a part of the property rightfully belong(ing to her) . . . ."

The land to which defendant became entitled by the 1964 deed was described in the instrument as follows:

"All that part of the Northwest quarter of Section 24, Township 67 North, Range 24, West of the 5th P.M., Decatur County, Iowa, lying North and West of the intersection of the Leon to Lineville Road and the Pleasanton to Lineville Road which lies South and East of a line from the intersection of the Leon to Lineville road and the Cemetery road, running Southwest to the intersection of the Pleasant to Lineville road and the lane to the abandoned school house."

The disputed land he occupied at the time plaintiff brought this action was situated north and west of the parcel described above, and clearly was not within the description contained in the 1964 deed.

The following diagram illustrates the preceding discussion:

| | | |
|---|---|---|
| ◣ Cemetery | ⭕ Pond | ▱ Abandoned school |

Shaded area is disputed land. Area designated "Carson" corresponds to land described by the literal terms of the 1964 deed delivered to defendant by plaintiff's husband.

In answer to plaintiff's petition defendant counterclaimed for a reformation of the 1964 deed, alleging the disputed land not described in the deed was nonetheless represented by plaintiff's husband to be included in the 40-acre parcel he purchased in 1964. He asked that the deed be reformed to reflect the understanding of the parties, the reformation to consist of a substitution of the following for the description contained in the deed beginning with the word "running":

"running thence west along the south line of the cemetery lane, thence southwest to the northwest corner of the pond, thence to the northeast corner of the abandoned school house lot and thence south along the east line of said school house lot to the Pleasanton to Lineville road." (see diagram)

By agreement of the parties this action was tried in equity on defendant's counterclaim, resolution of the reformation issue being thought dispositive of the boundary line dispute. Defendant testified at trial that he had cleared and farmed the disputed land without interruption since 1964 and that his activities were known to plaintiff's husband at all times prior to his death in 1972. He further testified that before the 1964 deed was executed and delivered plaintiff's husband had indicated the property he proposed to purchase would include the land now disputed. The latter testimony was admitted over plaintiff's objections to the competency of defendant to testify concerning transactions with her deceased husband under § 622.4, The Code, 1973 (the Dead Man Statute).

Plaintiff did not testify at trial. Her son testified plaintiff's husband told him he had an arrangement with defendant whereby defendant was allowed to farm the disputed land in exchange for clearing the brush and keeping weeds down. He also testified plaintiff's husband said on one occasion that defendant "doesn't have the [disputed] ground" and was "a little bit upset that Mr. Carson kept encroaching on" the farm he owned.

After hearing the evidence trial court submitted findings of fact and conclusions of law, holding defendant's evidence including his testimony regarding transactions with plaintiff's husband was insufficiently clear, satisfactory and convincing to justify reformation of the 1964 deed. A decree was subsequently entered dismissing defendant's counterclaim and establishing boundary lines for plaintiff's property which enclosed the disputed land. Defend-

ant here appeals from the decree entered below.

I. Our review is *de novo*. Rule 334, Rules of Civil Procedure; Stillman v. Slifer Savings Bank, 216 Iowa 957, 249 N.W. 230. In undertaking *de novo* review we have a duty to examine the whole record and adjudicate anew rights on the issues properly presented. Weight is given findings of the trial court but they are not binding. Rule 344(f)7, Rules of Civil Procedure; In re Marriage of Moorhead, 224 N.W.2d 242 (Iowa 1974).

The issues facing us on this *de novo* review are two:

1) Whether the evidence presented at trial would justify reformation of the deed in question to entitle defendant to the disputed land.

2) Whether the testimony of defendant concerning transactions with plaintiff's husband deceased at the time of trial can properly be considered in determining the understanding of the parties with respect to the land actually sold defendant in 1964.

II. The rules governing reformation of an instrument are well established. One who seeks reformation contending the instrument does not reflect the real agreement between the parties has the burden of establishing his contention by clear, satisfactory and convincing proof. Akkerman v. Gersema, 260 Iowa 432, 149 N.W.2d 856; Wallace v. Spray, 248 Iowa 100, 78 N.W.2d 406; Clingerman v. Koehler, 247 Iowa 105, 73 N.W.2d 185. The term clear and convincing has been held to connote establishment of facts by more than a preponderance of evidence but something less than establishing a factual situation beyond a reasonable doubt. In re Henderson, 199 N.W.2d 111 (Iowa 1972). Reformation of course does not mean changing terms of an instrument but refers to a change in the instrument to reflect the real agreement of the parties. Baldwin v. Equitable Life Assur. Soc. of U. S., 252 Iowa 639, 108 N.W.2d 66. See 76 C.J.S. Reformation of Instruments, § 30.

■ We have said the right to reform an instrument is not absolute but lies within the discretion of the equity court and depends upon whether the remedy is essential to the ends of justice. Facts and circumstances must be sufficiently compelling to constitute an effectual appeal to the conscience of the court and prompt it to interfere by reformation to mitigate the rigorous rules of law. Merle O. Milligan Co., Inc. v. Lott, 220 Iowa 1043, 263 N.W. 262.

■ Generally, a writing will be reformed only if the party seeking reformation clearly and convincingly establishes that it does not express the true agreement of the parties because of fraud or duress, mutual mistake of fact, mistake of law, mistake of one party and fraud or inequitable conduct on the part of the other. Ultimately equity will grant relief if an instrument as written fails to express the true agreement between the parties without regard to the cause of the failure to express the agreement as actually made, whether it is due to fraud, mistake in the use of language, or anything else which prevented the instrument from expressing the true intention of the parties. Walnut Street Baptist Church v. Oliphant, 257 Iowa 879, 135 N.W.2d 97; In re Estate of Jenkins, 201 Iowa 423, 205 N.W. 772; Costello v. Stokely Grain Co., 193 Iowa 203, 186 N.W. 842; see Thompson, Reformation of Written Instruments in Iowa, 23 Drake L.Rev. 327. See generally, Corbin on Contracts, 1960 Ed., Vol. 3, § 614, page 713 and § 615, p. 735.

■ III. Ignoring the testimony of defendant concerning transactions with plaintiff's deceased husband, the only evidence presented at trial supporting his claim to the land in question was his testimony he cleared and farmed the land since 1964. Assuming arguendo defendant was not incompetent to testify concerning his transactions with the deceased, this evidence was supplemented by his testimony the deceased, during a discussion prior to the execution and delivery of the 1964 deed, indicated the property defendant was negotiating to purchase would include the land

here disputed. Evidence of defendant's transactions with the deceased, even if admissible, must of course be "examined with the closest scrutiny, subjected to the most severe tests which tend to weaken its credibility, and carefully, jealously and cautiously weighed and considered". Byers v. Byers, 242 Iowa 391, 404–405, 46 N.W.2d 800, 807. Ultimately, it cannot be accepted as conclusive and in fact is entitled to very little weight. Byers v. Byers, *supra,* and citations; Boeck v. Milke, 141 Iowa 713, 718, 118 N.W. 874. In re Bremer's Estate, 151 Iowa 449, 452, 131 N.W. 667.

After hearing all the evidence trial court concluded defendant's proof, including his testimony concerning transactions with plaintiff's deceased husband, was insufficiently clear, satisfactory and convincing to justify reformation of the 1964 deed. In reaching that conclusion the court noted the absence in the record of any evidence plaintiff's husband was a joint or partial owner of the land in question in 1964, he was acting as her agent during the alleged negotiations with defendant prefatory to execution and delivery of the deed, or that plaintiff herself was privy to any oral agreement between her husband and defendant whereby the latter was to receive land not described in the deed. The court also observed the purchase price defendant paid was based upon 40 acres of land but that the evidence he presented failed to establish the acreage reflected either by the description in the deed or the property so described plus the land disputed here.

In our judgment the conclusions reached by trial court are well grounded and justified by the evidence presented at trial. The evidence defendant presented in support of his claim to the disputed land, including his testimony concerning transactions with the deceased, consisted largely of his own impressions regarding the parties' understanding of what property would be his and the fact he had occupied the disputed land since execution and delivery of the 1964 deed. No disinterested persons testified in support of his position and no documentary

evidence was introduced tending to show he assumed actual ownership of the property. The fact defendant cleared and farmed the land since delivery of the deed (whose literal description he never before challenged) is of course consistent with an agreement between the parties whereunder he assumed less than outright ownership.

The evidence defendant presented at trial, including his testimony concerning transactions with the deceased, was not in our opinion sufficiently clear, satisfactory and convincing to justify reformation of the 1964 deed. Trial court accordingly did not err in dismissing his counterclaim and confirming plaintiff's ownership of the property disputed.

■ IV. The question of defendant's competence to testify concerning transactions with deceased in light of § 622.4, The Code is moot and need not be considered on this appeal where the evidence of those transactions, even if admissible, would not be sufficient coupled with the other evidence he presented to satisfy his burden of proof for reformation of the 1964 deed. See Powers v. Perry, 259 Iowa 361, 144 N.W.2d 402.

We find no reversible error and affirm.

Affirmed.