**SIOUX COUNTY STATE BANK,**
**Plaintiff-Appellant,**

v.

**Kenneth J. VEENSTRA and Janice G. Veenstra, Defendants-Appellees.**

**No. 84–471.**

Court of Appeals of Iowa.

May 28, 1985.

David L. Charles of Gamble, Riepe, Burt, Webster & Davis, Des Moines, for plaintiff-appellant.

Loren Veldhuizen of Klay, Bastemeyer & Veldhuizen, Orange City, for defendants-appellees.

Heard by SNELL, P.J., and SCHLEGEL and SACKETT, JJ.

SNELL, Presiding Judge.

In 1976 the plaintiff bank loaned $25,000 to the defendants, Veenstras, and took a second mortgage on the Veenstras' house. The mortgage note called for monthly payments to be amortized over a 20-year payment schedule. However, the mortgage note also contained a "balloon clause" permitting the bank to declare the entire balance due at the end of five years. The Veenstras assert that the portions of the note relating to the five-year balloon payment were left blank at the time they signed the note. They assert that the agreement made was that the term of the note would be 20 years. The bank denies that the agreement was for 20 years and denies that portions of the note were blank at the time of signature.

The note was accompanied by a disclosure statement required by the Federal

Truth in Lending Act. This disclosure statement initially called for a 20-year repayment schedule, without any mention of a balloon payment at the end of five years. However, in 1980, the bank sent an amended disclosure statement reflecting the balloon payment due at the end of five years. The Veenstras then complained to the bank, asserting the amended disclosure statement was the first notice they had of the balloon payment.

At the end of the five-year period, the bank demanded payment of the entire balance. The Veenstras, relying on the alleged contract for a 20-year loan, refused to pay the entire balance; instead they continued to make monthly payments at their former rate. The bank thereupon filed the present proceeding to foreclose on the mortgage. The Veenstras responded by asking the court to reform the note to provide unambiguously for a 20-year repayment period.

The trial court denied the bank's request for a judgment of foreclosure. Instead, the trial court granted the Veenstras' request for reformation of the note to provide for a 20-year repayment period. The trial court found that the parties had agreed to a 20-year repayment period, that the note had been partially blank when signed, and that the five-year limit had been written in after signature.

The bank has appealed from the trial court's ruling. The bank challenges the sufficiency of the evidence to support the trial court's findings. The bank also challenges the propriety of reformation as a remedy. The bank asserts the evidence did not establish fraud, deceit, duress, or mutual mistake, the recognized grounds for reformation. The bank also contends that the Veenstras introduced irrelevant and prejudicial evidence in the form of testimony by other bank customers with allegedly similar complaints.

In addition, the bank also contends the trial court should have ruled that the Veenstras were estopped from claiming the loan was for a period in excess of five years. The bank argues the evidence shows the Veenstras knew at the time of the 1976 agreement about the balloon payment due in five years by virtue of the title opinion submitted by their attorney.

Finally, the bank claims the trial court erred in concluding that the disclosure statement required by the Federal Truth in Lending Act must be construed as a part of the note.

This case was tried in equity. Our review is de novo. Iowa R.App.P. 4. We give weight to the findings of fact of the trial court especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

The rules governing reformation of an instrument are clearly set forth in *Kufer v. Carson*, 230 N.W.2d 500 (Iowa 1975):

> The rules governing reformation of an instrument are well established. One who seeks reformation contending the instrument does not reflect the real agreement between the parties has the burden of establishing his contentions by clear, satisfactory and convincing proof. The term clear and convincing has been held to connote establishment of facts by more than a preponderance of evidence but something less than establishing a factual situation beyond a reasonable doubt. Reformation of course does not mean changing terms of an instrument but refers to a change in the instrument to reflect the real agreement of the parties. We have said the right to reform an instrument is not absolute but lies within the discretion of the equity court and depends upon whether the remedy is essential to the ends of justice. Facts and circumstances must be sufficiently compelling to constitute an effectual appeal to the conscience of the court and prompt it to interfere by reformation to mitigate the rigorous rules of law.
>
> Generally, a writing will be reformed only if the party seeking reformation clearly and convincingly establishes that it does not express the true agreement of the parties because of fraud or duress, mutual mistake of fact, mistake of law, mistake of one party and fraud or ineq-

uitable conduct on the part of the other. Ultimately equity will grant relief if an instrument as written fails to express the true agreement between the parties without regard to the cause of the failure to express the agreement as actually made, whether it is due to fraud, mistake in the use of language, or anything else which prevented the instrument from expressing the true intention of the parties. *Id.* at 503–04 (citations omitted).

After reviewing the evidence, we find that the trial court acted properly in reforming the instrument. In the findings of fact the trial court concluded that it was more inclined to believe the Veenstras because "their recollections of the events are more specific." After reading the record, we concur in this finding. The Veenstras both testified to the fact that the mortgage which they signed did not include the typed-in portion indicating the five-year balloon payment. In addition, they stated that no mention was made of the five-year balloon payment. The amortization schedule and disclosure statement, both admitted as evidence, indicate that the loan was a 20-year loan. The Veenstras claim that the first notice they had of the five-year balloon payment was a 1980 letter from the bank which stated:

We have discovered an error in the disclosure statement given you at the time of your real estate loan with us.

The repayment statement should have and now does state:

The note is payable in 60 consecutive monthly installments of $216.96, (except the final installment is to be a balloon payment of $22,248.43,) commencing June 10, 1976. The finance charge begins to accrue May 25, 1976. The "balloon payment," at the option of the lender, may be refinanced only upon such terms and conditions as the parties to this contract may agree as of its due date.

This statement brings the disclosure into agreement with the note and the mortgage dated May 25, 1976. In no way does this amended disclosure change the terms and conditions of our original agreement.

The bank presented testimony by three officials who were involved with the transaction. None of these three people could specifically recall the Veenstra loan. Rather, the bank relied on their testimony as to regular bank procedure to rebut the Veenstras' claim that the note contained blank portions when it was signed and that the agreement was for a 20-year loan.

On the whole, the record supports a reformation of the contract. We believe the Veenstras presented clear and convincing evidence of a mistake on their part and of inequitable conduct on the part of the bank. *See Kufer,* 230 N.W.2d at 504.

The bank argues that the disclosure statement was not part of the contract and that the trial court erred in considering it as a part of an integrated agreement. At the meeting when the loan was completed, the Veenstras were presented with the promissory note, the mortgage, and the disclosure statement required by the Federal Truth in Lending Act. They signed all three documents at that time. The Veenstras' recollection of the meeting was that much of the discussion centered on the terms as outlined in the disclosure statement, which clearly called for a 20-year loan, and on the 20-year amortization schedule.

The purpose of the Truth in Lending Act is to prevent uninformed credit. 15 U.S.C. § 1601; 12 C.F.R. 226.1.

"Let the Seller disclose" is the Act's basic philosophy, *Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973), and the detailed disclosure requirements are to be liberally construed and strictly enforced.

*Trist v. First Federal Sav. & Loan Ass'n of Chester,* 466 F.Supp. 578, 593 (D.C.Penn. 1979) (citations omitted).

In this case there is a question of whether the mortgage contained the five-year balloon payment clause at the time the documents were signed. While the disclo-

sure statement is not per se part of the contract, it is a factor which should be considered when there is a factual question as to the parties' intended agreement. Cf. *Trist v. First Federal Sav. & Loan Ass'n of Chester*, 466 F.Supp. 578, 594 (D.C.Penn. 1979).

"Extrinsic evidence which throws light on the situation of the parties, the antecedent negotiations, the attendant circumstances and the objects they were thereby striving to attain is regarded as relevant." *Thomas v. Thomas Truck and Caster Co.*, 228 N.W.2d 52, 55 (Iowa 1975).

The bank officials in this case have no recollection of the meeting during which the loan was discussed. The Veenstras testified that they were presented the note, the mortgage, the disclosure statement, and the amortization schedule. They stated that the discussion centered on the disclosure statement and the amortization schedule, both of which indicated a 20-year loan. At that meeting, the note, the mortgage, and the disclosure statement were signed.

From the record it appears that the parties considered the disclosure statement to be an integrated part of the agreement. The trial court properly considered this document in determining the intent of the parties.

■ Similarly, we find that the trial court properly admitted testimony of other bank customers who had received loans from the bank at approximately the same time as the Veenstras. This testimony was offered to impeach the bank's claim of the "regularity of procedure" in making loans at that time. The three customers all testified to irregularities similar to those which the Veenstras alleged to have occurred. This evidence was clearly relevant to the case and properly admitted.

■ Finally, the bank argues that the Veenstras should now be estopped from claiming a 20-year loan was intended because the title opinion, which their attorney did, indicated that the loan was a five-year loan with final payment in 1981.

The principles of equitable estoppel are clearly settled:

(1) a false representation or concealment of material facts; (2) lack of knowledge of true facts on part of actor; (3) intention that it be acted upon; and (4) reliance thereon by the party to whom made, to his prejudice and injury.

*Merrifield v. Troutner*, 269 N.W.2d 136, 137 (Iowa 1978).

The principles of estoppel apply as between parties. There is no evidence that the bank in any way relied on the title opinion by the Veenstra's lawyer. The trial court did not find this evidence of sufficient significance to alter the conclusion reached from the findings of how the original transaction occurred, nor do we.

The findings of the trial court are affirmed.

AFFIRMED.