## IN THE COURT OF APPEALS OF IOWA

No. 18-0793
Filed March 6, 2019

**JOSEPH GOCHE,**
        Plaintiff-Appellee,

**vs.**

**WMG, L.C.,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Kossuth County, David A. Lester,

Judge.

A limited liability company appeals the grant of summary judgment to one

of its members on a breach-of-warranty-deed claim. **REVERSED AND**

**REMANDED.**

Thomas W. Lipps of Peterson & Lipps, Algona, for appellant.

Wesley T. Graham of Graham, Ervanian & Cacciatore, LLP, Des Moines,

and Philip J. Kaplan of Anthony Ostlund Baer & Louwagie P.A., Minneapolis,

Minnesota, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

This case involves four siblings and the distribution of Kossuth County farmland by WMG, L.C., their limited liability company.[1] A company resolution informed members the distributions were subject to existing liens for real estate taxes and special assessments. Member Joseph Goche sued WMG because the warranty deed on his parcel mistakenly characterized the land as unencumbered. Acknowledging the inaccuracy, WMG sought reformation of the deed. The district court refused to reform the deed and granted Joseph's motion for summary judgment, concluding the resolution language merged into the terms of the deed. On appeal, WMG contends Joseph's membership in the company and the company's clear intent to distribute the land subject to existing liens calls for reformation of the deed. Finding WMG's contention legally sound, we reverse the grant of summary judgment and remand for further proceedings.

## I.     Facts and Prior Proceedings

William and Mary Goche formed WMG in 1997. Twenty years later, WMG's members were their four children: Joseph Goche, Michael Goche, Jeanne Goche-Horihan, and Renee Afshar.[2] Until spring 2017, WMG owned five tracts of farmland near Bancroft and Titonka.

In February 2017, WMG announced a special meeting. The meeting notice contained several proposed resolutions, including removal of Joseph as a manager of the company and a pro rata distribution of the company's real property

---

[1] In other litigation between the siblings, the district court appointed Larry Eide as receiver to control WMG and its assets. Counsel for the receiver represents WMG in this appeal.
[2] For ease of reference, we will use the siblings' first names.

to the four members. The latter resolution proposed, "Members and Managers acknowledge, consent, and agree that the Parcels shall be distributed to the Members via warranty deed and subject to existing liens for real estate taxes and special assessments . . . ."[3]

At the special meeting, three of the four members voted to remove Joseph as a manager. Also during the meeting, three of four members voted to distribute the farmland by warranty deed to the members, effective March 2, 2017. Joseph cast the dissenting vote in both instances.

Michael, as manager of WMG, executed the warranty deeds on February 25, 2017. His legal counsel recorded the deeds on March 2. The warranty deed conveying property to Joseph included the following assurance:

> The grantor hereby covenants with grantees, and successors in interest, that it holds the real estate by title in fee simple; that it has good and lawful authority to sell and convey the real estate; that the real estate is free and clear of all liens and encumbrances, except as may be above stated; and it covenants to Warrant and Defend the real estate against the lawful claims of all persons, except as may be above stated.

The grantor's promise that the real estate was "free and clear of all liens and encumbrances" was inaccurate. The parties do not dispute the property was actually encumbered by unpaid property taxes in the amount of $1689 and unpaid drainage assessments of $31,572.59. In his affidavit, Joseph swore he paid those amounts to remove the encumbrances.

In April 2017, Joseph filed suit, alleging WMG owed him damages based on the inaccurate information in the warranty deed. WMG answered and counter-

---

[3] Under the proposal, Joseph was to receive two tracts known as "Presthouse Farm" and the "German Township Parcel."

claimed, seeking relief by reformation of the warranty deed. Joseph sought summary judgment on his breach-of-deed claim. The district court granted partial summary judgment to Joseph and awarded him $32,216.59 in damages. WMG now appeals.[4]

## II.    Scope and Standards of Review

The parties disagree on the standard of review. WMG contends our review is de novo because the district court denied its request for reformation, an equitable remedy. *See Orr v. Mortvedt*, 735 N.W.2d 610, 613 (Iowa 2007) (noting case was "filed and tried in equity"). Joseph insists review is for correction of errors at law because WMG is appealing from the grant of summary judgment.

We agree with Joseph on the standard of review. He sought damages for breach of warranty deed in his petition, and the district court decided that claim by summary judgment. Although reformation is an equitable concept, we review a court's grant of summary judgment for correction of legal error. *See Keokuk Junction Ry. Co. v. IES Indus., Inc.*, 618 N.W.2d 352, 355 (Iowa 2000); *Nationwide Agribusiness Ins. Co. v. PGI Int'l*, 882 N.W.2d 512, 515 (Iowa Ct. App. 2016).

In summary judgment appeals, "our task is to review the record made before the district court to determine whether a genuine issue of material fact is in dispute." *Walls v. Jacob North Printing Co.*, 618 N.W.2d 282, 284 (Iowa 2000). Summary judgment is proper if no genuine issue of material fact exists and the

---

[4] Our supreme court denied Joseph's motion to dismiss WMG's appeal, finding the partial summary judgment on the breach-of-deed claim was a final, appealable ruling. Joseph's petition contained a separate claim for indemnity unrelated to the breach-of-deed claim. WMG does not appeal the district court's grant of summary judgment on the indemnity claim because that ruling was interlocutory.

moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3). We view the summary-judgment record in the light most favorable to the nonmoving party—here, WMG—and will grant that party all reasonable inferences we can draw from the record. *See Estate of Gray ex rel. Gray v. Baldi*, 880 N.W.2d 451, 455 (Iowa 2016). The moving party—here, Joseph—bears the burden of proving the facts are undisputed. *See Phillips v. Covenant Clinic*, 625 N.W.2d 714, 717 (Iowa 2001).

## III.    Analysis

The warranty deed executed by WMG mistakenly stated the real estate distributed to Joseph was "free and clear" of all encumbrances. WMG recognizes the misinformation but writes it off as a "scrivener's error"[5] and contends the district court wrongly refused to reform the deed. WMG contends the deed's assurance was a mutual mistake of fact and did not reflect the true agreement of the parties. Instead, according to WMG, the intent of the parties appeared in the company's resolution providing the parcels were to be distributed to the members via warranty deed and "subject to existing liens for real estate and special assessments."

Reformation is an equitable remedy available to a party who can prove an instrument does not reflect the true agreement of the parties. *See Timmer v. New York Life Ins. Co.*, 270 N.W. 421, 422 (Iowa 1936). As the party seeking

---

[5] "A scrivener is (or, better, was) a transcriber of documents. In the literal sense, then, a 'scrivener's error' is a mistake of transcription, which is to say a mismatch between original (e.g., spoken word, manuscript) and copy." Ryan D. Doerfler, *The Scrivener's Error*, 110 Nw. U. L. Rev. 811, 816 (2016). Reformation may be available as a remedy where, by reason of a mistake by a scrivener or drafter, "the written agreement does not accurately reflect the intent of the parties." 66 Am. Jur. 2d *Reformation of Instruments* § 19 (citing *RAL Mgmt, Inc. v. Valley View Ass'ns*, 926 A.2d 704, 706 (Conn. App. Ct. 2007) (finding inadequate support for plaintiff's assertion the 30% per month interest rate provided for on the face of the note was a scrivener's error and should have been 30% per annum)).

reformation, WMG had the burden to establish its contention by clear, satisfactory, and convincing proof. *See Kufer v. Carson*, 230 N.W.2d 500, 503 (Iowa 1975). "Reformation may sometimes be appropriate to correct a mistake in a deed." *Kendall v. Lowther*, 356 N.W.2d 181, 187 (Iowa 1984). The party seeking reformation must show "the deed does not reflect the true intent of the parties, either because of fraud or duress, mutual mistake of fact, mistake of law, or mistake of one party and fraud or inequitable conduct on the part of the other." *Id.* "Ultimately equity will grant relief if an instrument as written fails to express the true agreement between the parties without regard to the cause of the failure to express the agreement as actually made, whether it is due to fraud, mistake in the use of language, or anything else which prevented the instrument from expressing the true intention of the parties." *Kufer*, 230 N.W.2d at 504.

In rejecting WMG's request for reformation, the district court reasoned

> While the court questions the merit of WMG's contention that the corporate resolution authorizing the terms of the land distribution approved by a three-to-one vote, with Joseph voting against the resolution, constitutes a binding and enforceable agreement between WMG and its members, assuming arguendo that is true, WMG has failed to come forward with any evidence to meet its burden of showing a merger of that agreement into the terms of the deed was not intended. *Lovlie v. Plumb*, 250 N.W.2d 56, 62 (Iowa 1977).

The district court further found the resolution language providing the distributions were "subject to existing liens for real estate taxes and special assessments"—which undergirds WMG's reformation argument—"merged into the warranty deed later executed by Michael and provided to Joseph to complete the transfer."

Under the doctrine of merger, the terms for the conveyance of real estate, absent a showing to the contrary, are "deemed to have merged in a subsequent

deed." *Lovlie*, 250 N.W.2d at 62 (concluding, in appeal involving reverter clause in quitclaim deed, that record disclosed no exception to merger rule). In matters of conflict between them, "the deed speaks and the contract is silent" with notable exceptions. *Huxford v. Trustees*, 185 N.W. 72, 74 (Iowa 1921). Proper relief for those exceptions, including a mutual mistake of a material fact in a written instrument, is "reformation of the instrument to reflect the true intent of the contracting parties." *See Wilden Clinic, Inc. v. City of Des Moines*, 229 N.W.2d 286, 289 (Iowa 1975). Significantly, in *Lovlie*, the party resisting merger of the contract into the deed did not plead mutual mistake or seek reformation as WMG does. 250 N.W.2d at 62. To make this showing to the contrary, WMG offered relevant passages from the company's articles of organization, meeting minutes, and affidavits from siblings Michael and Jeanne.[6]

On appeal, WMG contends the district court ignored this "showing to the contrary," which could overcome the presumption of merger. *See Phelan v. Peeters*, 152 N.W.2d 601, 602 (Iowa 1967) (reiterating "broad rule is that a contract to convey land presumptively becomes merged in the subsequent deed executed in performance thereof" while recognizing merger rule "has many qualifications"). As a qualification, WMG points to Iowa Code chapter 489, which governs the siblings' limited liability company. Further, WMG characterizes its operating agreement as the contract underlying the property distribution to the members. *See* Iowa Code § 489.102(15).

---

[6] In her affidavit, Jeanne states it was the intent of WMG to distribute the land to the members subject to real estate taxes as special assessments.

Per that operating agreement, WMG provided all members, including Joseph, notice of the proposed property distribution by company resolution. Joseph and his lawyer participated in the February 2015 meeting and knew the resolution's terms. Until that meeting, Joseph served as a manager for WMG, bearing responsibility for "the business, operations and affairs" of the company, presumably including payment of taxes and special assessments. WMG urges a reasonable fact finder could infer from the structure of the family's corporation and circumstances of the transfer that the true intent of the parties was not reflected in the language of the deed. Countering WMG's argument, Joseph contends the resolution was not a contract between him and WMG because he "voted against it" and did not consent to the distribution of the land to any of its members.

In assessing whether Joseph was entitled to judgment as a matter of law, we struggle to shoehorn this fact pattern into the usual merger scenario where "a deed is accepted, in compliance with the terms of a contract for the sale of real estate," and the contract merges into the deed. *See Dickerson v. Morse*, 212 N.W. 933, 934 (Iowa 1927). Here, the parties did not negotiate or enter a land-sale contract, rather the conveyance came after a majority vote of the limited liability company. Assuming the merger doctrine applies in the absence of a traditional contract of sale, we find WMG met its burden to show the existence of a fact question as to the intent of the parties and whether the language in the deed should be reformed based on a mutual mistake. Specifically, WMG proffered exhibits indicating Joseph—as a member of WMG—was bound by the majority vote on the distribution resolution regardless of his dissenting position. A factfinder could discern from the discussion at the special meeting and the language of the

resolution that the farmland conveyances were subject to existing liens.  The record shows Joseph accepted the real estate and voluntarily paid the property taxes and drainage assessments before filing suit.

Joseph's situation is akin to the scenario in *Roberts Equipment Division, Inc. v. Silver Lake Farms, Corp.*, No. 12-0490, 2012 WL 5356126 (Iowa Ct. App. Oct. 31, 2012).  There, a panel of our court upheld the district court's reformation of a deed because plaintiff Roberts "understood at the auction the boundary was the crop line and not the quarter-section line, bid on the property, and bought it knowing where the boundary was."  2012 WL 5356126, at *4.  By analogy, WMG asserts Joseph understood from the special meeting that the distributions were subject to existing liens and accepted the warranty deed knowing any information to the contrary was inaccurate.

WMG is entitled to show Joseph acquiesced in the distribution of the property subject to the liens, and the omission of those encumbrances from the warranty deed as drafted by WMG's counsel did not reflect the intent of the members of the limited liability company.  As WMG argued in the district court: "Not only does the resolution itself support reformation, all persons attending the February 25, 2017, meeting would be potential witness[es] supporting reformation of the deed to conform to the February 25, 2017, resolution."  It was not the role of the district court on summary judgment to resolve disputes of fact and determine whether WMG proved its case for reformation but rather to identify whether a genuine issue of material fact exists.  *See Nationwide Agribusiness Ins. Co. v. PGI Intern.*, 882 N.W.2d at 522.

The record reveals a genuine issue of material fact regarding the intent of the members when distributing the property of the family's limited liability company. The district court erred when it granted Joseph's motion for summary judgment.[7] We reverse the district court's ruling and remand for further proceedings consistent with this opinion.  *See id.* at 523 (reversing summary judgment on reformation issue because appellant identified genuine issue of fact regarding the agreement and intent of the parties).

**REVERSED AND REMANDED.**

---

[7] WMG did not file a cross motion for summary judgment.  Accordingly, we are not faced with the question whether it is entitled to a reformation as matter of law.