**Pete GOUGE, Appellant,**

v.

**Robert McNAMARA, Appellee.**

**No. 97–1349.**

Court of Appeals of Iowa.

Sept. 30, 1998.

Todd P. Forsythe, Cedar Rapids, for appellant.

Rustin T. Davenport of DeVries, Price & Davenport, Mason City, for appellee.

Considered by CADY, C.J., and STREIT and MAHAN, JJ.

STREIT, Judge.

Pete Gouge appeals from the district court's refusal to reform or rescind a settlement agreement he signed obligating him individually, rather than his corporation, to pay benefits to an injured employee. He claims mutual mistake, fraud, and inequitable conduct as grounds for reformation or rescission. Because Gouge has not proven any of these grounds, we affirm the trial courts ruling obligating him to the terms of the agreement.

## I. Background Facts & Proceedings.

The defendant, Robert McNamara, was injured on December 4, 1992, while working as a truck driver for IMT Transport. IMT Transport is owned by P.D. Gouge, Inc. The plaintiff, Pete Gouge, is the president and sole shareholder of P.D. Gouge, Inc. Neither Gouge nor his corporation has workers' compensation insurance.

McNamara's attorney, Robert S. Kinsey III, filed a petition with the Industrial Commissioner listing his employer as "Pete Gouge d/b/a IMT Transport and P.D. Gouge, Inc." The attorney for P.D. Gouge, Richard R. Winga, filed an answer, identifying the employer as "P.D. Gouge, Inc., d/b/a I.M.T. Transport." The discovery responses also indicated the employer was "P.D. Gouge, Inc., d/b/a I.M.T. Transport" with Peter Gouge as president. Documents filed by both parties indicated the employer as "P.D. Gouge, Inc., d/b/a I.M.T. Transport."

The parties reached a settlement agreement. McNamara's attorney prepared and faxed Gouge's attorney a copy of a settlement agreement. The settlement was captioned "Pete Gouge, d/b/a IMT Transport." The body of the agreement also indicated McNamara was employed by "Pete Gouge, d/b/a IMT Transport." Winga modified the contract slightly, but did not change the reference to Pete Gouge as McNamara's employer. The following day, after reviewing the final draft of the settlement agreement, Gouge and Winga signed the settlement agreement. Next to his signature, Gouge added "d/b/a IMT Transport." The settlement agreement was filed with the Industrial Commissioner on July 14, 1993.

Gouge began paying under the terms of the settlement agreement, but stopped making payments. On November 28, 1995, Gouge filed a petition for declaratory judgment, requesting the court rescind or reform the contract based on mutual mistake. Gouge claims he mistakenly signed the contract naming him as McNamara's employer and responsible party. After trial, the court denied recission or reformation of the contract. Gouge appeals.

## II. Standard of Review.

A plaintiff's request for reformation of a contract or rescission are equitable proceedings which are reviewed de novo. Iowa R.App. P. 4; *Breitbach v. Christenson*, 541 N.W.2d 840, 843 (Iowa 1995); *Grosland v. Wyborny*, 406 N.W.2d 453, 454 (Iowa App. 1987). We give weight to the fact findings of trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7).

## III. Reformation or Rescission of Contract Based on Mutual Mistake.

Our courts examine contract signing with the precept that a person would "hardly sign an important document without reading it." *Schlosser v. Van Dusseldorp*, 101 N.W.2d 715, 719, 251 Iowa 521, 527 (Iowa 1960). In the absence of fraud or mistake, a person is bound by their signature. *Id.* Ignorance of the contents of an instrument does not ordinarily affect the liability of one who signs it. *Preston v. Howell*, 257 N.W. 415, 418, 219 Iowa 230, 236 (Iowa 1934). "It is also the settled rule of law that if a party to a contract is able to read, has the opportunity to do so, and fails to read the contract, he cannot thereafter be heard to say that he was ignorant of its terms and conditions, for the purpose of relieving himself from its obligation." *Id.*

It is elementary that courts of equity have jurisdiction to relieve parties against the consequences of mutual mistake of fact, and to grant reformation in case of such a mistake. It is necessary the mistake be mutual, and both parties understood the contract as the petition alleges it ought to have been, and as in fact it was except for the mistake. A unilateral mistake is not ordinarily ground for reformation, the remedy in the case thereof being rescission. The court cannot rewrite the contract which the parties have made so as to express an agreement which they did not enter into. However, the requirement of mutuality of mistake does not apply to a mistake of a scrivener in reducing an agreement to writing. *Schuknecht v. Western Mut. Ins. Co.*, 203 N.W.2d 605, 609 (Iowa 1973). A contract may be voidable, *Davenport Bank and Trust Co. v. State Cent. Bank*, 485 N.W.2d 476, 480 (Iowa 1992), or reformed, Iowa R.App. P. 14(f)(11), if clear, satisfactory, and convincing evidence proves mutual mistake. *Breitbach*, 541 N.W.2d at 844 (Iowa 1995). Reformation of the contract to reflect the true intent of the parties is the proper relief for a mutual mistake of a material fact in a written document. *Akkerman v. Gersema*, 260 Iowa 432, 149 N.W.2d 856, 859–60 (1967).

Gouge had the burden of showing mutual mistake. The mistake must have been both mutual and material. *Gentile v. Allied Energy Products, Inc.*, 479 N.W.2d

607, 609 (Iowa App.1991). Here, Gouge had to show he and McNamara were under the false impression the settlement agreement mistakenly named Peter Gouge, individually, as McNamara's employer. This was not the case. The mistake here was not common to both parties. Kinsey intentionally included Gouge in the body and caption of the settlement agreement to personally bind Gouge to its terms. There was no mistake by Kinsey or McNamara. Neither Gouge nor his attorney noticed Gouge was named individually as the employer. The mistake was unilateral on Gouge's part, not mutual. For these reasons, the trial court's finding the settlement agreement could not be rescinded or reformed on the ground of mutual mistake is affirmed.

## IV. Rescission or Reformation of Contract Based on Fraud.

Gouge did not rely on the theory of fraud in seeking rescission or reformation of the contract in his declaratory judgment petition or at trial. He did, however, raise the issue in his post-trial brief. Fraud or inequitable conduct was ultimately considered by the trial court in its ruling. As a general rule, issues which are not pled are not preserved for appellate review. *Chipokas v. Hugg*, 477 N.W.2d 688, 690 (Iowa App.1991). In prior cases, however, appellate courts have considered issues raised post-trial if they were considered in the trial courts ruling or it would be expeditious to review them. *State v. Yaw*, 398 N.W.2d 803, 805 (1987). Because the trial court ruled on the issue, the most expedite solution is to consider the issue on appeal.

An agreement can be either rescinded or reformed because of mistake by one party and fraud or inequitable conduct by the other. *Wellman Sav. Bank v. Adams*, 454 N.W.2d 852, 855 (Iowa 1990). Ultimately, relief in equity will be granted if a document, as written, fails to express the true agreement between the parties. *Sioux County State Bank v. Veenstra*, 372 N.W.2d 309, 312 (Iowa App.1985).

To recover in an action for fraud, the plaintiff must prove: (1) a material misrepre-

sentation; (2) made knowingly; (3) with the intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance; and (5) damages. *Carlson v. Vondrak*, 555 N.W.2d 238, 241 (Iowa App.1996).

Gouge claims Kinsey made a fraudulent misrepresentation by failing to disclose the fact he intended to hold Gouge personally liable under the settlement agreement. Gouge contends Kinsey should have pointed out to attorney Winga the part of the contract where Gouge was named individually as McNamara's employer.

■■■ The failure to disclose a material fact known to the person who has a legal duty to inform the other contracting person of the matter can constitute fraud. *Arthur v. Brick*, 565 N.W.2d 623, 625 (Iowa App.1997). There is no specific test under Iowa law to determine when a duty to reveal arises in fraud cases. *Id.* "A misrepresentation may occur when one with superior knowledge, dealing with inexperienced persons who rely on him or her, purposely suppresses the truth respecting a material fact involved in the transaction." *Id.* (citation omitted).

Under the circumstances of this case, attorney Kinsey's failure to disclose did not rise to the level of a material misrepresentation. Kinsey was not dealing with an inexperienced person who was relying on him for information. He was dealing with a seasoned attorney. Although intent to deceive is not always necessary for a finding of fraud, *see Hyler v. Garner*, 548 N.W.2d 864, 872 (Iowa 1996) (fraud for purposes of rescission action does not include intent to deceive), there is no evidence Kinsey intended to deceive Gouge and Winga. Attorney Winga testified he did not believe Kinsey committed fraud. It cannot be fairly said that any act of Kinsey was a misrepresentation or that it was made to induce Gouge to act or refrain from acting. *See General Car & Truck Leasing System, Inc. v. Lane & Waterman*, 557 N.W.2d 274, 280 (Iowa 1996). Gouge cannot establish the elements of fraud.

■■■ Gouge's allegation Kinsey engaged in inequitable conduct or sharp practice is not as easily resolved. A person is bound by contract signed but not read unless the signing party was dissuaded from reading it by some trick or artifice practiced by the opposite party. *Schlosser v. Van Dusseldorp*, 101 N.W.2d 715, 719, 251 Iowa 521, 528 (Iowa 1960). Also, if one party to a contract has made a mistake and the other has engaged in inequitable conduct so that the document does not accurately express the true intentions of the party, reformation can result. *Poulsen v. Russell*, 300 N.W.2d 289, 299 (Iowa 1981).

■■■ While there are circumstances in which inequitable conduct or sharp practice of an attorney could justify reformation or rescission of an agreement, Gouge has not met his burden of establishing Kinsey's behavior should serve as the basis of the reformation. Clear and convincing proof of the grounds for reformation is required to help ensure a court granting reformation is merely changing the terms of a written document to reflect the agreement of the parties and not making a new agreement. *Poulsen v. Russell*, 300 N.W.2d at 299.

Kinsey drafted the settlement agreement with Pete Gouge named individually as McNamara's employer. There is no evidence a different agreement had been reached before that time. There was no showing of one party sneaking a new term into a document, knowing the other party would not revisit and discover that section or term of the document. Kinsey faxed the draft of the settlement agreement to Winga. Winga reviewed the agreement and modified some of the terms. The second draft of the agreement was sent to Winga the next day. He and Gouge reviewed the final draft of the agreement and both signed it.

■■■ Because we find Kinsey's behavior, under these circumstances, does not arise to fraud or inequitable conduct, Gouge has not proven grounds for reformation or rescission. The general rules of contract law decide this case. A party is charged with notice of the terms and conditions of a contract if the party is able or has had the opportunity to read the agreement and is bound by a document the party signs even though the party has not expressly accepted

all of the contract provisions and is not aware of them. *Advance Elevator Co., Inc. v. Four State Supply Co.,* 572 N.W.2d 186, 188 (Iowa App.1997). An agreement in writing speaks for itself and ignorance of the contents will not serve to negate or avoid its contents. *Morgan v. American Family Mut. Ins. Co.,* 534 N.W.2d 92, 99 (Iowa 1995). Under these general rules, Gouge is personally bound by the settlement agreement he signed. The trial court is affirmed.

**AFFIRMED.**