# IN THE COURT OF APPEALS OF IOWA

No. 17-0214
Filed November 8, 2017

**BERWYN JOE REIHE,**
        Plaintiff-Appellant,

**vs.**

**MIDWEST VIKING, INC.,**
**d/b/a MIDWEST VIKING TRUCKING,**
**and GREAT WEST CASUALTY CO.,**
        Defendants-Appellees.

_____

        Appeal from the Iowa District Court for Polk County, Brad McCall, Judge.


        Berwyn Reihe appeals a district court order remanding a matter to the workers' compensation commissioner for the entry of an order nunc pro tunc. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**



        Christina I. Thompson of Phil Watson, P.C., Des Moines, for appellant.

        Deena A. Townley and Timothy A. Clausen of Klass Law Firm, L.L.P., Sioux City, for appellees.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Berwyn Reihe appeals a district court order remanding a matter to the workers' compensation commissioner for the entry of an order nunc pro tunc correcting a compromise settlement agreement to accurately reflect the true agreement made between the parties. He contends (1) the district court exceeded its authority and improperly considered extrinsic evidence in reaching its ruling and (2) reformation of the contract is barred by judicial estoppel.[1] He requests an award of attorney fees in both the district court and on appeal and asks us to remand the case to the district court for a determination of the same.

**I.     Background**

The record establishes the following facts as undisputed. Reihe suffered a workplace injury in September 2013 within the course of his employment with Midwest Viking, Inc. (Midwest).[2] On February 27, 2015, Midwest forwarded a workers' compensation settlement offer to Reihe in the amount "of $75,758.71 less a deduction of the payments which have been made to date which currently total $21,080.12 through 2/23/2015."[3] Reihe accepted the offer. Midwest and Reihe entered into a written compromise settlement agreement in March 2015 which required Midwest to "pay to [Reihe] the sum of $75,758.71 less weekly payments made from 3/5/15 until settlement approval." Quite obviously, the

---

[1] Reihe also identifies res judicata as a ground for barring reformation. However, his analysis is limited to the doctrine of judicial estoppel. We consider the res judicata argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

[2] Appellee Great West Casualty Co. was Midwest's workers' compensation insurance carrier at the time Reihe was injured. Both parties will be collectively referred to as "Midwest" in this opinion.

[3] Midwest began paying Reihe weekly partial-permanent-disability benefits on June 3, 2014. Reihe's weekly benefit from June 3, 2014 forward was $554.74. As such, the partial-permanent-disability benefits paid to Reihe from June 3, 2014 through the time of this offer on February 27, 2015 (roughly thirty-eight weeks) amounted to $21,080.12.

written agreement differed in terms than the original offer, as the original offer would have credited Midwest with benefits that were paid from June 3, 2014, while the written agreement only credited Midwest with benefits paid from March 5, 2015. On March 31, 2015, the workers' compensation commissioner approved the agreement. *See* Iowa Code § 86.27 (2015). In April, Midwest provided Reihe with a check for $51,350.15.[4] In May, apparently noticing the error concerning the credit date contained in the written agreement, Midwest filed with the commissioner a motion for a nunc pro tunc order correcting the "typographical error." The motion was denied for "lack of jurisdiction," but neither party was made aware of such denial until July 21, 2016.

On July 19, 2016, Reihe filed a petition in the district court requesting that the unpaid portion of his award be converted to a judgment pursuant to Iowa Code section 86.42. He also requested an award of reasonable attorney fees. Midwest filed a counterclaim for contract reformation, alleging the compromise settlement "should have stated from June 3, 2014," and "[t]he date of March 5, 2015 was a typographical error and does not accurately reflect the understanding of the parties." Reihe admitted during the proceedings that the parties' original understanding of the agreement was that Midwest would be credited with payments from June 3, 2014. He maintained, however, that this was only the

---

[4] At the time the commissioner approved the compromise settlement agreement, Reihe had already received forty-four weeks' worth of partial-permanent-disability benefits, amounting to $24,408.56. Applying the logic contained in the February 27, 2015 settlement offer, Reihe would have been entitled to the amount he was ultimately paid after settlement: total settlement ($75,758.71) less amounts paid from June 3, 2014 ($24,208.56) equals check amount ($51,350.15).

agreement up until the point that he was presented with the written agreement, which he signed and was subsequently approved by the commissioner.

Midwest moved for summary judgment on its contract-reformation claim. Following a hearing, the district court concluded, "because of a drafting error, the Compromise Settlement prepared by [Midwest] did not accurately set forth the true agreement made by the parties" and the "commissioner retains jurisdiction to correct the errors with the use of a nunc pro tunc order." The district court remanded the matter to the commissioner "for the entry of an Order Nunc Pro Tunc correcting the Compromise Settlement to accurately reflect the true agreement made by the parties and memorialized in the letter . . . to Reihe dated February 27, 2015." As noted, Reihe appeals.

## II.    Analysis

Cases involving reformation of a contract are equitable in nature and are therefore reviewed do novo. Iowa R. App. P. 6.907; *Breitbach v. Christenson*, 541 N.W.2d 840, 843 (Iowa 1995).

### A.    Extrinsic Evidence

Reihe argues the district court improperly considered extrinsic evidence in reaching its conclusion. "Settlement agreements are essentially contracts." *Shirley v. Pothast*, 508 N.W.2d 712, 715 (Iowa 1993). Their enforcement is therefore governed by the principles of contract law. *See Huber v. Hovey*, 501 N.W.2d 53, 55 (Iowa 1993). Contract "[i]nterpretation is the process for determining the meaning of the words used by the parties in a contract." *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 435 (Iowa 2008). Absent consideration of extrinsic evidence, the interpretation of a contract is a legal

issue.  *Id.*  "[C]onstruction of a contract is the process a court uses to determine the legal effect of the words used" and is always reviewed as a legal issue.  *Id.* at 436–37.

"The cardinal rule of contract interpretation is to determine what the intent of the parties was at the time they entered into the contract."  *Id.* at 437; *see also Peak v. Adams*, 799 N.W.2d 535, 543 (Iowa 2011) ("In the construction of written contracts, the cardinal principle is that the intent of the parties must control . . . ." (quoting Iowa R. App. P. 6.904(3)(n))).  Though "[t]he most important evidence of the parties' intentions at the time of contracting is the words of the contract," the court "may look to extrinsic evidence, including 'the situation and relations of the parties, the subject matter of the transaction, preliminary negotiations and statements made therein, usages of trade, and the course of dealing between the parties.'"  *Peak*, 799 N.W.2d at 544 (quoting *NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 466 (Iowa 2010)); *see also Pillsbury*, 752 N.W.2d at 436 ("[A]lthough we allow extrinsic evidence to aid in the process of interpretation, the words of the agreement are still the most important evidence of the party's intentions at the time they entered into the contract.").

Reihe specifically contends, because the plain language of the agreement was not ambiguous, the court could not consider extrinsic evidence.  It is true that extrinsic evidence that serves only to alter the unambiguous language of a contract is typically inadmissible.  *Nationwide Agribusiness Ins. Co. v. PGI Int'l*, 882 N.W.2d 512, 517 (Iowa Ct. App. 2016).  However, "parol evidence is admissible in actions for the reformation of legal instruments so long as the evidence is relevant and material."  *Montgomery Props. Corp. v. Econ. Forms*

*Corp.*, 305 N.W.2d 470, 474 (Iowa 1981); *accord Johnston Equip. Corp. of Iowa v. Industr. Indem.*, 489 N.W.2d 13, 18 (Iowa 1992) ("Neither is the evidence inadmissible on the challenge that it is an attempt to vary the [contract] by parol evidence. When a party seeks reformation of a [contract] so that it will match the parties' intentions, extrinsic evidence is admissible to prove what their intentions were."); *Wellman Sav. Bank v. Adams*, 454 N.W.2d 852, 854 (Iowa 1990) (affirming district court's refusal to allow extrinsic evidence at the legal portion of the hearing even though the court allowed extrinsic evidence at the reformation hearing); *Blackman v. Folsom*, 200 N.W.2d 542, 543 (Iowa 1972) ("[P]arol evidence is admissible in an equitable action for reformation of a contract to establish fraud or mistake. In the absence of such a salutary exception to the parol evidence rule, it would be virtually impossible to establish the grounds relied on."). "[T]he concern in reformation is not if the contract is ambiguous—as the issue is not one of interpretation—it is whether the contract 'reflect[s] the real agreement of the parties.'" *Nationwide*, 882 N.W.2d at 522 (quoting *Kufer v. Carson*, 230 N.W.2d 500, 503 (Iowa 1975)). We conclude the district court's consideration of extrinsic evidence was not inappropriate.

Reihe also argues that reformation is only allowed where "the mistake was mutual, not unilateral," and the mistake in this case was unilateral. It is true that "[a] unilateral mistake is not ordinarily ground for reformation." *Gouge v. McNamara*, 586 N.W.2d 710, 713 (Iowa Ct. App. 1998). "However, the requirement of mutuality of mistake does not apply to a mistake of a scrivener in reducing an agreement to writing." *Id.*; *accord Schuknecht v. W. Mut. Ins. Co.*, 203 N.W.2d 605, 609 (Iowa 1973); 66 Am. Jur. 2d *Reformation of Instruments*

§ 19. Upon our de novo review, we conclude Midwest proved by "clear, satisfactory, and convincing evidence" that the settlement agreement included a mistake that did not reflect the true intention of the parties. *See Gouge*, 586 N.W.2d at 713. We affirm the district court's determination that Midwest is entitled to reformation.

B. Authority of the District Court

Next, Reihe points out his petition was filed pursuant to Iowa Code section 86.42 and argues such section "limits the scope of what the District Court can do" and "[t]he Court's Ruling goes far beyond this limited authority." We interpret Reihe's claim as a challenge to the court's jurisdiction. Midwest filed a counterclaim for reformation of the agreement. *See generally* Iowa Rs. Civ. P. 1.241–.244. Actions for the reformation of legal instruments are equitable in nature. *First Nat. Bank in Sioux City v. Curran*, 206 N.W.2d 317, 320 (Iowa 1973). The commissioner in a workers' compensation case does not have equitable jurisdiction. *See Ford v. Barcus*, 155 N.W.2d 507, 510–11 (Iowa 1968); *see also Whitters & Sons, Inc. v. Karr*, 180 N.W.2d 444, 447 (Iowa 1970). "Sitting in equity a court has the power to grant reformation of an instrument" and "[t]he remedy of reformation of an instrument lies within the sound discretion of the equity court . . . ." *Hosteng Concrete & Gravel, Inc. v. Tullar*, 524 N.W.2d 445, 448 (Iowa Ct. App. 1994). We conclude the district court had jurisdiction and authority to grant the equitable relief of reformation of the agreement.

C. Judicial Estoppel

We are left with Reihe's argument that reformation of the contract is barred by judicial estoppel. The doctrine of judicial estoppel "is designed to

protect the integrity of the judicial process by preventing *intentional inconsistency.*" *Vennerberg Farms, Inc. v. IGF Ins. Co.*, 405 N.W.2d 810, 814 (Iowa 1987). Based on the district court's conclusion that the settlement agreement contained an error, together with our conclusion that such error was not an "intentional" effort to mislead the commissioner, we conclude the doctrine of judicial estoppel has no application to this case. *See id.*

D. Attorney Fees

Reihe requests an award of attorney fees in both the district court and on appeal and asks us to remand the case to the district court for a determination of the same. He states, "If [he] is ultimately successful on the merits of his appeal, then he should be entitled to his reasonable attorney fees incurred in pursuing entry of a judgment." Because we conclude he has not been successful on the merits of his appeal, we decline to remand for an award of attorney fees. *See* Iowa Code § 86.39.

E. Appropriate Order

The district court ordered a remand to the commissioner to enter an order nunc pro tunc to correct the compromise settlement agreement. However, "[i]t is not the purpose of nunc pro tunc to correct a mistake or misunderstanding of litigants." *Headley v. Headley*, 172 N.W.2d 104, 108 (Iowa 1969). It is the agreement of the parties that requires reformation, not the order of the commissioner. Further, the jurisdiction of the district court and of this court did not come from an appeal from the commissioner. Jurisdiction was invoked by Reihe's filing for relief under Iowa Code section 86.42 and Midwest's

counterclaim; therefore, remand to the commissioner is not the appropriate procedure to accomplish the intended result.

We affirm the district court's denial of Reihe's section 86.42 petition and affirm its conclusion the compromise settlement agreement should be reformed to show the true agreement of the parties. We remand this case to the district court to enter an order (1) reforming the compromise settlement agreement to be consistent with the district court's prior order, (2) declaring the commissioner's prior order approving the compromise settlement agreement null and void, and (3) directing the commissioner to follow its procedures for consideration of whether to approve the reformed compromise settlement agreement.

## III.    Conclusion

We conclude the district court did not exceed its authority or improperly consider extrinsic evidence in reaching its ruling and the doctrine of judicial estoppel has no application to this case. We therefore affirm the district court's reformation determination. We deny Reihe's request for attorney fees. However, we reverse the portion of the district court order remanding the matter to the commissioner to reform the agreement by way of a nunc pro tunc order and remand the case to the district court for the entry of an appropriate order not inconsistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**